398 F.2d 729
 AETNA INSURANCE COMPANY, a corporation incorporated under the laws of the State of Connecticut
v.
Lester C. NEWTON, Lester C. Newton Trucking Company, a corporation incorporated under the laws of the State of Delaware, C. F. Schwartz, Inc., a corporation incorporated under the laws of the State of Delaware, and Continental Insurance Company, a corporation incorporated under the laws of the State of New York, C. F. Schwartz, Incorporated, Appellant.
 No. 17037.
 United States Court of Appeals Third Circuit.
 Argued April 5, 1968.
 Decided July 25, 1968.
 
 COPYRIGHT MATERIAL OMITTED John J. Schmittinger, Schmittinger & Rodriguez, Dover, Del. (Harold Schmittinger, Dover, Del., on the brief), for appellant.
 Roger Sanders, Prickett, Ward, Burt & Sanders, Wilmington, Del., for appellee.
 Before KALODNER, GANEY and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 KALODNER, Circuit Judge.
 
 
 1
 This is an appeal by the defendant C. F. Schwartz, Incorporated ("Schwartz") from the District Court's Order denying its motion for summary judgment against the plaintiff Aetna Insurance Company ("Aetna"), and entering summary judgment in favor of Aetna and against Schwartz.[1]
 
 
 2
 We do not reach the merits of this appeal because we lack jurisdiction to entertain it inasmuch as the challenged Order is not, under the prevailing circumstances, a "final decision" in this case, and that being so, it is not appealable.[2]
 
 
 3
 The critical facts adduced by the record may be stated as follows:
 
 
 4
 For some time prior to April 18, 1963, Schwartz and its co-defendant, Lester C. Newton Trucking Company ("Newton"),[3] common motor freight carriers, engaged in an interchange of trucks and drivers in hauling commodities between Salisbury, Maryland, and Pennsylvania, under an oral agreement, which provided that liability for damage to carried cargo was to be borne by the carrier who was in control of the shipment at the time. Schwartz held an ICC certificate to transport commodities from Salisbury to Wyoming, Delaware, and Newton held an ICC certificate to haul commodities from Wyoming to Pennsylvania. Under this agreement, shipments were transported from Salisbury to Pennsylvania in a truck furnished by Schwartz at Salisbury, and control of the truck and driver was taken over by Newton at Wyoming to completion of the haul to Pennsylvania. In transporting cargo from Pennsylvania to Salisbury, Newton furnished the truck, control of the truck and driver being taken over by Schwartz at Wyoming to completion of the haul to Salisbury.
 
 
 5
 On April 18, 1963, Schwartz and Newton executed, in Delaware, a written agreement designated as the "Master Interchange Agreement" which continued on a year to year basis their prior interchange operations. This written agreement, which provided that "it shall constitute the entire agreement between the parties", changed the liability for damage provision in the prior oral agreement.
 
 
 6
 It provided, in pertinent part in Paragraph 4(C) (2):
 
 
 7
 "The initial carrier shall:
 
 
 8
 "(2) indemnify and save harmless the receiving carrier against any claim by whomsoever filed arising from the operation of the motor vehicles and against any claim for loss or damage to any shipment or shipments being transported in said vehicle. * * *"
 
 
 9
 On July 7, 1963, Schwartz, at Salisbury, picked up a load of commodities owned by its customer, Campbell Soup Company, for delivery to a point in Pennsylvania. After it yielded control of its truck and cargo to Newton, at Wyoming, a failure in the truck's refrigeration equipment damaged the shipment. Newton then paid Campbell Soup Company $11,116.95 for its loss. It asked Schwartz; the latter's insurer, Continental Insurance Company ("Continental"); and Aetna, its own insurer, to make it whole but they all refused to do so.
 
 
 10
 On May 11, 1965, Aetna commenced the instant declaratory judgment proceeding against Newton, Schwartz and Continental in which it sought an adjudication that: (1) Schwartz was obligated to make Newton whole; (2) Continental was obligated to pay Schwartz' obligation to Newton; and (3) Aetna was not obligated under the policy it had issued to Newton to pay anything to Newton, Schwartz or Continental.
 
 
 11
 A veritable flood of Answers, Counterclaims, Cross-Claims, a Motion to Dismiss and Motions for Summary Judgment then ensued.
 
 
 12
 Those which concerned the Aetna-Newton dispute were ultimately disposed of by a Stipulation granting Newton's Motion for Summary Judgment against Aetna.
 
 
 13
 The District Court also granted Continental's Motion to Dismiss Aetna's Complaint as to it for the assigned reason that "no justiciable controversy" existed between Aetna and Continental, and that "if such a controversy does exist the action should be dismissed as to Continental as a matter of discretion". This Order of Dismissal was never appealed.
 
 
 14
 Schwartz filed a Cross-Claim against Continental in which it alleged that Continental was obligated under the policy it had issued to Schwartz to reimburse it should it be required to make Newton whole with respect to the latter's damage payment to Campbell Soup Company. The Cross-Claim further alleged that Schwartz had made demand on Continental for payment of Campbell's damage and that Continental had refused to do so. Continental filed an Answer to the Cross-Claim denying any liability under its policy.
 
 
 15
 The record fails to disclose any disposition by the District Court of the Schwartz Cross-Claim against Continental up to the time the instant appeal was filed from the District Court's Order denying the Schwartz motion for summary judgment against Aetna and entering summary judgment in favor of Aetna against Schwartz.[4]
 
 
 16
 The District Court's failure to dispose of the Schwartz Cross-Claim against Continental is jurisdictionally fatal to this appeal.
 
 
 17
 Section 1291, Title 28 U.S.C.A. provides in pertinent part:
 
 
 18
 "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * *." (emphasis supplied)
 
 
 19
 Rule 54(b), Fed.R.Civ.Proc., 28 U.S.C. provides:
 
 
 20
 "(b) JUDGMENT UPON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (emphasis supplied)
 
 
 21
 Where there is a piecemeal disposition in a case in which "more than one claim for relief is presented", or "multiple parties are involved" Rule 54(b) may be called into play to satisfy the requirement of finality imposed by Section 1291 when the District Court makes an "express determination that there is no just reason for delay" and "an express direction for the entry of judgment".
 
 
 22
 As we said in RePass v. Vreeland, 357 F.2d 801 (3 Cir. 1966) at page 804:
 
 
 23
 "It [Rule 54(b)] provides that in cases involving more than one claim the district court may enter summary judgment on one or more but less than all the claims; and before such an order becomes appealable, the district court must expressly determine that there is no just reason for delay and expressly direct the entry of judgment".
 
 
 24
 In the instant case, "more than one claim for relief" was presented, and "multiple parties are involved". The Order of the District Court from which this appeal was taken adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties", in that it did not adjudicate the Schwartz Cross-Claim against Continental, and the Order did not contain "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment", as required by Rule 54(b) in order to make it an appealable final decision.
 
 
 25
 That being so, there is no "final decision" in the present action upon which our appellate jurisdiction may attach. As we said in RePass v. Vreeland, supra (p. 804):
 
 
 26
 "Under the Rule, the district court's imprimatur (an express determination that there is no just reason for delay and an express direction to enter judgment) is an essential prerequisite to finality. Without the imposition of this hallmark of finality, the circuit court has no jurisdiction to consider the case".
 
 
 27
 To the same effect see Peralta v. Quad Tool and Dye Supply Co., 370 F.2d 103, 105 (3 Cir. 1966); McDonald v. Pennsylvania R.R. Co., 210 F.2d 524, 526 n. 2, 531 (3 Cir. 1954); Matanuska Valley Lines, Inc. v. Neal, 229 F.2d 136, 16 Alaska 42 (9 Cir. 1955).
 
 
 28
 It must further be observed that the District Court's Order granting Continental's motion to dismiss Aetna's Complaint as to it, cannot possibly be considered as disposing of the Cross-Claim of Schwartz against Continental for these reasons:
 
 
 29
 First, a dismissal of the original Complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant. Fronmeyer v. L. & R. Construction Co., Inc., 139 F.Supp. 579, 585-586 (D.N.J.1956). See too, Picou v. Rimrock Tidelands, Inc., 29 F.R.D. 188 (E.D.La.1962).
 
 
 30
 Second, Continental's Motion to Dismiss Aetna's Complaint as to it was directed exclusively to the absence of any justiciable controversy between Aetna and Continental, and the District Court premised its dismissal on that ground, and its further stated reason that "if such a controversy does exist the action should be dismissed as to Continental as a matter of discretion".
 
 
 31
 Inasmuch as this cause must be remanded to the District Court for disposition of the pending Schwartz Cross-Claim against Continental this, too, must be said.
 
 
 32
 The instant case does not appear to be one in which a district court should make available the piecemeal appeal procedure permitted by Rule 54(b). Aetna's Complaint in this declaratory judgment proceeding sought to obtain an adjudication as to the ultimate liability of Aetna and the defendants named therein with respect to the loss sustained by reason of the damage to Campbell Soup Company's property.
 
 
 33
 As we said in Panichella v. Pennsylvania Railroad Company, 252 F.2d 452 (3 Cir. 1958), at pages 454 and 455, Section 1291 of Title 28 U.S.C.A. limits "the normal jurisdiction of courts of appeal to the reviewing of final judgments" and
 
 
 34
 "It is an authoritative application and implementation of a basic and persisting policy against piecemeal appeals. * * * Rule 54(b) attempts to make a reasonable accommodation between that policy and those problems of the timing of review which have been accentuated by the liberalized joinder of claims, counterclaims, cross-claims and third-party claims in one law suit, as permitted and encouraged by the present Rules of Civil Procedure. * * * [T]he draftsmen of this Rule [54(b)] have made explicit their thought that it would serve only to authorize `the exercise of a discretionary power to afford a remedy in the infrequent harsh case. * * *' 28 U.S.C.A., Federal Rules of Civil Procedure, 118-119 note. It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only `in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule".
 
 
 35
 It may be noted parenthetically that we also said in Panichella (page 454) that "The discretion which Rule 54(b) confers upon a trial judge is not absolute", and that "Any abuse of that discretion remains reviewable by the Court of Appeals".
 
 
 36
 In RePass v. Vreeland, supra, we reaffirmed and applied the doctrine of Panichella.
 
 
 37
 In accordance with what has been said, and for the reasons stated, the instant appeal will be dismissed for lack of appellate jurisdiction, and the cause remanded to the District Court for disposition of the Schwartz Cross-Claim against Continental, and with directions to proceed in accordance with this opinion.
 
 
 
 Notes:
 
 
 [1]
 The District Court's Opinion is reported at 274 F.Supp. 566 (D.Del.1967)
 
 
 [2]
 We raised this question sua sponte as we are required to do. Tye v. Hertz Drivurself Stations, Inc., 173 F.2d 317, 318 (3 Cir. 1949)
 
 
 [3]
 Defendant Lester C. Newton is president of Lester C. Newton Trucking Company
 
 
 [4]
 Aetna's motion for summary judgment against Schwartz was based on its contention that the Master Interchange Agreement required Schwartz to bear the loss for the damaged goods, since its truck was used, and that since it had reimbursed Newton who had paid the loss, it was subrogated to Newton's rights against Schwartz
 Schwartz' motion for summary judgment against Newton was based on its contention that Newton and Schwartz did not intend ¶ 4(C) (2) of the Master Interchange Agreement, to be effective until after certain insurance arrangements had been worked out by them; that such arrangements were not completed until after the loss had occurred; that the record disclosed no material issue of fact on this score; and that therefore ¶ 4(C) (2) was not in effect at the time of the loss and it was entitled to summary judgment. With respect to that contention, Aetna maintained that under the parol evidence rule, evidence of the alleged Schwartz-Newton parol intention was not admissible.