FAIRVIEW PARK EXCAVATING
CO., INC.

v.

AL MONZO CONSTRUCTION COMPA-
NY, INC., and Maryland Casualty Com-
pany, Appellants, and Robinson Town-
ship Municipal Authority.

FAIRVIEW PARK EXCAVATING
CO., INC.

v.

AL MONZO CONSTRUCTION
COMPANY, INC., Appellant.

No. 76–2146.

United States Court of Appeals,
Third Circuit.

Argued March 29, 1977.

Decided June 30, 1977.

Stanley W. Greenfield, Greenfield & Minsky, Pittsburgh, Pa., for appellants, Al Monzo Const. Co., Inc. and Maryland Cas. Co.

Gerald S. Lesher, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, Pa., for appellee, Fairview Park Excavating Co., Inc.

Leo J. Kelly, Ernest L. Butya, Pittsburgh, Pa., for appellee, Robinson Township Municipal Authority.

## OPINION OF THE COURT

Before VAN DUSEN, GIBBONS and GARTH, Circuit Judges.

GARTH, Circuit Judge.

This appeal initially presented a jurisdictional question arising out of an action brought by the plaintiff subcontractor (Fairview) against its general contractor (Monzo) and a Pennsylvania municipal authority (Robinson Township) for which the construction work in issue was being performed.[1]  After Fairview's claim against

the Township had been dismissed on state law grounds, the district court then dismissed Monzo's cross-claim against the Township for lack of an independent (diversity) basis for federal subject matter jurisdiction.  Monzo contends in this appeal that the dismissal of its cross-claim against the Township was erroneous.  We agree.  However, because we have been informed that the relief sought in the cross-claim has since been obtained by Monzo in its subsequent state court proceedings, it is apparent that the issue before us has been mooted, and thus for this reason, the March 16, 1976 order of the district court dismissing Monzo's cross-claim will be affirmed.[2]

### I.

Fairview Park Excavating Co., Inc., the plaintiff/appellee, is an Ohio corporation which as a subcontractor provided labor and materials under certain construction contracts for Robinson Township.  Al Monzo Construction Company, Inc., a defendant and the appellant in this Court, is a Pennsylvania corporation, which acted as general contractor to Robinson Township.  Robinson Township Municipal Authority, the defendant/appellee, is a "citizen" of Pennsylvania.  Maryland Casualty Co., a defendant/appellant, is a Maryland corporation which became a surety on Monzo's bond guaranteeing payment to subcontractors, laborers and materialmen.

Fairview completed its work as subcontractor but did not receive payment.  Fairview then filed a diversity action in the United States District Court for the Western District of Pennsylvania—joining Monzo, Maryland Casualty and the Township as defendants.

The Township denied any liability to Fairview, claiming that Fairview was not in

1.  Since Maryland Casualty's derivative liability as surety hinged upon a finding that its principal, Monzo, was liable, Maryland Casualty chose to rely upon Monzo's defenses.

2.  We can affirm a district court's disposition on grounds other than those on which the district court relied.  *PAAC v. Rizzo,* 502 F.2d 306, 308 & n. 1 (3d Cir. 1974), *cert. denied,* 419 U.S.

1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975).  We are aware that the district court's dismissal on jurisdictional grounds was accordingly without prejudice.  However, in light of the present posture of the state proceedings, it would be meaningless to require a revamping of the district court's order.

contractual privity with it. The Township asserted that it had contracted only with Monzo as its contractor, and that any monies still owing to Monzo were being withheld by the Township only until Monzo completed certain restoration work.

Monzo and Maryland Casualty, replying together, denied liability, counterclaimed against Fairview,[3] and cross-claimed against the Township. The Township counterclaimed against Monzo for damages caused by defective work. Trial without a jury was set for March 16, 1976.

On the first day of trial, however, the district court granted the Township's motion that Fairview's complaint against it be dismissed. The district court subsequently explained the basis for its dismissal of the Township as a defendant as follows:

> Just prior to the commencement of trial on March 16, 1976, Robinson moved for dismissal on the ground that there was no contractual relationship between Fairview and Robinson, that the contract documents so provided and that there was no jurisdiction over the cross-claim of Monzo against Robinson because Robinson could not have been sued by Fairview in any event, citing *City of Philadelphia v. National Surety Corporation,* 140 F.2d 805 (3rd Cir. 1944). We considered that case controlling in its holding that under the law of Pennsylvania a municipal corporation is liable to a contractor but not to a subcontractor, materialman or laborer. While Robinson was a municipal authority and not a municipal corporation, we considered the proposition controlling.[4]

With the Township no longer a "defendant" in Fairview's suit, its only remaining connection to the case was provided by Monzo's cross-claim. However, even this connection was short-lived. On the same date, March 16, 1976, the district court dismissed Monzo's cross-claim because of an absence of diversity between the two parties. In its Memorandum Opinion of June 1, 1976, the district court stated: "The various disputes between Monzo and Robinson were not properly before us and are, in fact, matters for state court jurisdiction, there being no diversity of citizenship between these parties."[5]

■ At this juncture, only Fairview's claim against Monzo was left. After trial, judgment was entered for Fairview. Defendants Monzo and Maryland Casualty thereafter filed a "Motion for a New Trial." On June 2, 1976, the district court dismissed that motion, and the defendants filed a timely notice of appeal. *See* F.R.App.P. 4(a).[6] It was only during oral argument that it appeared that Monzo had recovered a judgment against the Township in the Pennsylvania Court of Common Pleas and that the time for appeal of that judgment had expired.

## II.

The primary complaint voiced by Monzo on this appeal is that the district court erred in dismissing its cross-claim against the Township on jurisdictional grounds. Monzo contends that, having once acquired jurisdiction over the Township as a defendant to its cross-claim, it could not be divested of jurisdiction by the Township's dismissal as a primary defendant to the plaintiff Fairview's claim if that dismissal was predicated (as it was) on nonjurisdictional grounds.

---

**3.** A second suit subsequently filed by Fairview against Monzo (on an unrelated contract) was consolidated with the instant case. A stipulation was entered into setting the amount owed by Monzo to Fairview under all contracts at $125,039.40.

**4.** Memorandum of June 1, 1976, at 3. Fairview has not appealed from this dismissal of its complaint as to the Township.

**5.** *Id.* at 4.

**6.** Fairview's arguments that this Court lacks jurisdiction to hear the instant appeal are unpersuasive. First, the dismissal of the cross-claim was not a final order within the meaning of F.R.Civ.P. 54(b). *See Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 364–65 (3d Cir. 1975). Second, Monzo's and Maryland Casualty's notice of appeal was filed on June 30, 1976, after their Rule 59 motion had been denied on June 2, 1976. A timely filed motion under F.R.Civ.P. 59 tolls the time for filing a notice of appeal. F.R.App.P. 4(a).

The Township's argument, in our view, is not to the contrary. In its brief,[7] the Township quotes Professor Moore as follows:

If the original bill or claim in connection with which the cross-claim arises is dismissed *for lack of jurisdiction,* it would seem, on analogy to cases concerning counterclaims, that the dismissal carries with it the cross-claim, unless the latter is supported by independent jurisdictional grounds.[8]

However, reliance on that proposition affords little comfort to the Township, for here the original claim was dismissed on nonjurisdictional rather than jurisdictional grounds. As indicated earlier, the district court judge properly held that under Pennsylvania law an absence of contractual privity between the plaintiff and the Township was fatal to Fairview's cause of action. *City of Philadelphia v. National Surety Corp.,* 140 F.2d 805, 807 (3d Cir. 1944).

The basis for the distinction between jurisdictional and nonjurisdictional dismissals is readily apparent. If a federal court dismisses a plaintiff's claim for lack of subject matter jurisdiction, any cross-claims dependent upon ancillary jurisdiction must necessarily fall as well, because it is the plaintiff's claim—to which the cross-claim is ancillary—that provides the derivative source of jurisdiction for the cross-claim. Deviation from this rule would work an impermissible expansion of federal subject matter jurisdiction. Yet by the same token, once a district court judge has properly permitted a cross-claim under F.R. Civ.P. 13(g), as was the case here, the ancillary jurisdiction that results should not be defeated by a decision on the merits adverse to the plaintiff on the plaintiff's primary claim. As Judge Aldrich has stated: [i]f [a defendant] had a proper cross-claim against its co-defendants this gave the court ancillary jurisdiction even though all the parties to the cross-claim were citizens of the same state. The termina-

tion of the original claim would not affect this. This is but one illustration of the elementary principle that jurisdiction which has once attached is not lost by subsequent events.

*Atlantic Corp. v., United States,* 311 F.2d 907, 910 (1st Cir. 1963) (citations omitted); *see Parris v. St. Johnsbury Trucking Co.,* 395 F.2d 543, 544 (2d Cir. 1968) (reviewing decision on cross-claim between co-citizen defendants although plaintiff's diversity claim had been settled during trial); *Barker v. Louisiana & Arkansas Ry. Co.,* 57 F.R.D. 489, 491 (W.D.La.1972). The contrary rule, which the Township urges here, would operate to make subject matter jurisdiction over every ancillary cross-claim dependent upon that claim's being resolved *prior· to* the plaintiff's primary action. (Otherwise a judgment on the merits adverse to the plaintiff would drain the cross-claim of jurisdiction in every instance, a completely indefensible result.) Given that cross-claims necessarily involve co-defendants, *Danner v. Anskis,* 256 F.2d 123, 124 (3d Cir. 1958), a rule which would restrict the duration of federal court jurisdiction over cross-claims to the pendency of plaintiff's primary claim would be untenable: in many cases, cross-claims need not be heard until plaintiff has obtained a judgment on the merits. To permit the raising of a threat of a dismissal for want of jurisdiction at that point would destroy cross-claims otherwise properly maintainable by virtue of ancillary jurisdiction.

Hence, as this Court previously held in *Aetna Insurance Co. v. Newton,* 398 F.2d 729, 734 (3d Cir. 1968):

[A] dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a codefendant. *Frommeyer v. L. & R. Construction Co., Inc.,* 139 F.Supp. 579, 585–86 (D.N.J.1956).

The *Frommeyer* case cited in *Aetna* seems strikingly similar to the present one. The

---

7. Brief for appellee Township at 6.

8. 3 J. Moore, Federal Practice § 13.36, at 927–28 (1975) (emphasis added; footnotes deleted);

*see also* 6 J. Wright & A. Miller, Federal Practice and Procedure § 1433, at 180 (1971) (hereinafter "Wright & Miller").

general contractor on a construction job (Wortmann & Sons, Inc., or "Wortmann") entered into a subcontract with L. & R. Construction Co. ("L. & R.") for all concrete work on the job. L. & R., in turn entered into a subcontract with Frommeyer and Company ("Frommeyer"). Both Wortmann and L. & R. obtained sureties. When Frommeyer failed to receive payment from L. & R., it brought suit in federal district court against Wortmann, Wortmann's surety, L. & R., and L. & R.'s surety, American Surety Company ("American Surety"). Both Wortmann and Wortmann's surety cross-claimed against American Surety. American Surety subsequently moved to dismiss Frommeyer's complaint as to it for failure to state a cause of action, and the district court judge was constrained to agree. American Surety then sought dismissal of the cross-claims. That argument was rejected. The district court held that "[O]nce proper, [the cross-claims] did not cease to be so because the party to whom they were addressed subsequently ceased to be a co-party." 139 F.Supp. at 586.

As noted, *Frommeyer's* conclusion was adopted by this Court in *Aetna Insurance Co. v. Newton, supra,* and controls here.[9]

### III.

■ Our conclusion that the district court should not have dismissed appellants' cross-claim would normally require a remand for the purpose of a trial on the merits of that claim.[10] At oral argument, however, we were informed by counsel that after the dismissal of its cross-claim, Monzo filed a Pennsylvania state court action against the Township for the precise relief which it sought to obtain through its federal court cross-claim. That action has proceeded to judgment, and the time to appeal that judgment pursuant to Pennsylvania law has expired.

We requested counsel to submit a certified copy of the state court judgment. The docket entries for *Al Monzo Construction Co. v. The Municipal Authority of the Township of Robinson,* GD 76–9359 (Allegheny Co.Ct.C.P. November 29, 1976), reveal that Monzo's complaint against the Township was filed April 30, 1976; that Monzo moved for summary judgment on October 5, 1976; and that summary judgment in favor of Monzo was granted on November 29, 1976, in the amount of $102,-589.32—precisely the amount claimed in appellants' counterclaim against the same party, Robinson Township.

In light of this disclosure, it would accomplish nothing to remand this case to the district court for that court's determination as to whether it should award what would necessarily amount to duplicative relief for

---

**9.** Cf. *National Research Bureau, Inc. v. Bartholomew,* 482 F.2d 386, 388 (3d Cir. 1973) *(per curiam )* (federal district court may retain ancillary jurisdiction over counter-claim when plaintiff's claim is dismissed if dismissal "is on other than jurisdictional grounds").

For other expressions of the rule set forth in our *Aetna Insurance* decision, *see* 3 J. Moore, note 7 *supra,* ¶ 13.36, at 928–29 ("In the compulsory counterclaim cases, . . . where the original bill was dismissed on the merits or the opposing party did not proceed to hearing on his bill jurisdiction over the counterclaim was sustained even though independent jurisdictional facts did not exist for its support. These same principles should apply to sustain jurisdiction over the cross-claim under similar circumstances, even though the cross-claim is permissive, since there is jurisdiction over the main action and the cross-claim is auxiliary or related to the main action"); 6 Wright & Miller, note 7 *supra,* § 1433, at 181 ("several courts

have held that if the main action is terminated on nonjurisdictional grounds, then the court may continue to hear the cross-claim even though it does not satisfy the requirements for federal subject matter jurisdiction").

**10.** A remand would also require a ruling on appellants' subsidiary claim that Monzo was prejudiced by the district court's refusal to admit evidence pertaining to an alleged joint venture between Fairview and Monzo. Our disposition of the case does not require us to reach this issue.

In addition, in light of the basis for our decision, and particularly because it is clearly evident from the district court's Memorandum Opinion of June 1, 1976 that the dismissal of the cross-claim was viewed as being mandated by law rather than as a discretionary disposition, we do not find it necessary to discuss any discretionary basis for the district court's dismissal of Monzo's cross-claim.

a single legal injury. Having received the only relief against the Township to which it is entitled, Monzo can have no cognizable interest in litigating its cross-claim.

The district court's dismissal of appellants' cross-claim must therefore be affirmed, not because the cross-claim lacked an independent basis of federal subject matter jurisdiction, but because the cross-claim has become moot.[11]

#### IV.

We have determined that the district court should not have dismissed appellants' cross-claim. However, we have also concluded that by reason of the state court events which have occurred since the district court's disposition of this issue, the case must be dismissed as moot.[12]

The order of the district court dismissing Monzo's cross-claim will therefore be affirmed.[13]

GIBBONS, Circuit Judge, dissenting from the judgment.

This appeal became moot by virtue of the final judgment of a state court involving the same cause of action. The only proper disposition is to dismiss it. While I do not disagree with the majority's indicating that *Frommeyer v. L. & R. Construction Co., Inc.,* 139 F.Supp. 579, 585–86 (D.N.J.1956) is a correct statement of the law, I would not undertake to decide the question in a case which has become moot.

---

11. *E. g., Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n. 9, 84 S.Ct. 391, 394, 11 L.Ed.2d 347 (1964) ("Our lack of jurisdiction to review moot cases derives from the requirement of Article III to the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."); *see also Southern Pacific R. Co. v. United States,* 168 U.S. 1, 48–49 (1897).

12. Appellee Fairview's motion to quash the instant appeal will be dismissed as moot in light of this disposition.

