[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a motion to dismiss the defendants' crossclaim against the co-defendant, Town of East Hartford, on the grounds that the plaintiff's complaint against the Town of CT Page 2605 East Hartford was dismissed, and/or because governmental immunity bars the action.
The plaintiff, Stanley Osinski (hereinafter, "plaintiff"), filed a six count complaint on July 5, 1990, against the following defendants: Ludger and Marie Pelletier (hereinafter "defendants"), Edgar and Jeanette Heon (hereinafter "the Heons"), the Director of Public Works for the Town of East Hartford (hereinafter "Director"), and the Town of East Hartford (hereinafter "Town").
The complaint alleges that the plaintiff was injured while operating his bicycle along the sidewalk when he prepared to enter the road. At that point, the bicycle struck curbing located on or about the property line of the defendants and the Heons.
The first and second counts sound in negligence as against the defendants and the Heons for the defective condition of the sidewalk. The third and fourth counts sound in nuisance as against the defendants and the Heons. The fifth count sounds in negligence against the East Hartford Director of Public Works for the defective condition of the sidewalk. The sixth count alleges that the Town of East Hartford is responsible for the negligence of the Director.
On August 30, 1990, the defendants filed an answer with a special defense and a crossclaim against the Town. The crossclaim alleges a claim for common law indemnification against the Town based on active/passive negligence.
On November 26, 1990, the fifth and sixth counts of the plaintiff's complaint were dismissed by the court (Stengel, J.), as against the Director and the Town. The grounds for the dismissal, as alleged in the motion to dismiss, were lack of personal jurisdiction over the Director. Further, the Town argued that because the basis for liability against the Town was 7-465 indemnification, there could be no liability on the part of the Town unless there is a finding of employee negligence. Therefore, the Town argued that, if the complaint is dismissed against the Director, it must also be dismissed against the Town.
On January 7, 1991, the Town filed a motion to dismiss the defendants' crossclaim on the grounds that the Town is no longer a defendant in the action. Further, the Town argues that because the defendant failed to give the required statutory notice, governmental immunity bars the action. The Town filed a memorandum of law in support of the motion to dismiss and the defendants filed a memorandum of law in CT Page 2606 opposition on January 30, 1992. The Town filed a reply memorandum in support of the motion to dismiss on February 3, 1992.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). The motion to dismiss admits all facts well pleaded, Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988); and the court must construe the allegations of the complaint most favorable to the plaintiff. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217, 459 A.2d 1031
(1983).
In its memorandum of law in support of the motion to dismiss, the Town argues that because the original complaint has been dismissed against it, it is no longer a party to the action. Therefore, the Town argues that because it is no longer a defendant, a crossclaim can not be maintained against it.
Practice Book 116 provides that "[i]n any action for legal or equitable relief, any defendant may file . . . cross claims against any codefendant provided that each such . . . cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint."
Connecticut courts have looked to federal court interpretations of Rule 13 of the Federal Rules of Civil Procedure for guidance in construing Practice Book 116. See Jackson v. Conland, 171 Conn. 161, 166, 368 A.2d 3 (1976). "`A dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant.'" Impex Agricultural Commodities v. Leonard Parness Trucking,582 F. Sup. 260, 262 (D.N.J. 1984), quoting Aetna Insurance Co. v. Newton, 398 F.2d 729, 734 (3d Cir. 1968). "[A] crossclaim may not be brought against a person who has been eliminated from a suit prior to the time when the crossclaim was filed, since the person is no longer a party. When, however, the original claim against a party is dismissed on the merits, crossclaims previously interposed against the same party remain." Id. (Citations omitted).
Although the original motion to dismiss was granted without memorandum by the court, given the jurisdictional grounds raised for dismissal, it appears that it was granted on the merits. The defendants filed their crossclaim against the Town before the Town's motion to dismiss was granted. CT Page 2607
The Town's second argument is that governmental immunity bars the crossclaim and therefore the court lacks subject matter jurisdiction because the defendants have not properly alleged any statutory exception to the governmental immunity doctrine.
"The doctrine of sovereign immunity involves the jurisdiction of the court over the subject matter of the action. . . [and] a motion to dismiss the complaint is. . . the appropriate procedural vehicle by which to raise a claim that sovereign immunity bars an action." Willey v. Lloyd, 4 Conn. App. 447,449, 495 A.2d 1082 (1985). Governmental immunity, however, does not involve subject matter jurisdiction and is not properly raised on a motion to dismiss. Scanlon v. City of West Hartford, 4 CTLR 193 (May 29, 1991, Hennessey, J.).
The Town's motion to dismiss is denied.
MARY R. HENNESSEY, JUDGE