**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2036
_____

ANTHONY LAMAR GREEN,
                                        Appellant

v.

DOMESTIC RELATIONS SECTION COURT OF COMMON
PLEAS "COMPLIANCE UNIT" MONTOMERY COUNTY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 15-cv-00105)
District Judge: Honorable Nitza I. Quinones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2016

Before: AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 12, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anthony Lamar Green appeals from an order of the District Court dismissing his amended complaint. For the reasons that follow, we will affirm.

Green filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Eastern District of Pennsylvania against the Domestic Relations Compliance Unit of the Montgomery County Court of Common Pleas. Green contended in his amended complaint that, by misapplying the Pennsylvania support rules and guidelines, the defendant violated his substantive and procedural due process rights under the Fourteenth Amendment. Green was sued by his wife for divorce in 2009. He contended that he was not given credit in a 2010 support order calculation for certain mortgage payments, as required by the Pennsylvania rules of civil procedure and support rules and guidelines.

The defendant filed a motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Domestic Relations Section of the Montgomery County Court of Common Pleas is not a "person" subject to suit under 42 U.S.C. § 1983; that the Eleventh Amendment barred the suit; and that subject matter jurisdiction was lacking under the Rooker-Feldman doctrine,[1] among other arguments. Green submitted a response in opposition to dismissal.

In an order entered on April 10, 2015, the District Court granted the motion and dismissed the amended complaint. The Court reasoned first that subject matter jurisdiction was lacking because Green was seeking relief from various state court orders

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

2

issued in 2010 arising out of spousal support proceedings brought against him by his ex-wife, and that granting him relief would require the Court to determine that the state court judgment was invalid. The Rooker-Feldman doctrine prevents the exercise of jurisdiction under these circumstances. The District Court held in the alternative that Green's claims were barred by the Eleventh Amendment, which precludes actions in federal court against the states, citing Coleman v. Court of Appeals of Maryland, 132 S. Ct. 1327, 1333 (2012) ("A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense.").

Green appeals. We have jurisdiction under 28 U.S.C. § 1291. After a motions panel of this Court denied Green's motion for appointment of counsel, he filed an informal brief. A motions panel of this Court then granted the appellee's motion for leave to be excused from filing a brief.

We will affirm. We exercise plenary review over subject matter jurisdiction and Rule 12(b)(6) dismissals. See In re: Kaiser Group International Inc., 399 F.3d 558, 560 (3d Cir. 2005) (Fed. R. Civ. P. 12(b)(1)); Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001) (Fed. R. Civ. P. 12(b)(6). We may affirm on any basis supported by the record. See Fairview Park Excavating Co. v. Al Monzo Construction Co., 560 F.2d 1122, 1123 n.2 (3d Cir. 1977).

The District Court correctly reasoned that subject matter jurisdiction is lacking in the federal district courts to the extent that Green sought review of the state court support order. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010) (Rooker-Feldman doctrine bars suits in district court that are

3

essentially appeals from state court judgments). However, the Rooker-Feldman doctrine is narrow, id. at 167-69. Accordingly, we also hold that, to the extent that Green's civil rights action presented an independent non-barred claim, he failed to state a claim upon which relief may be granted, Fed. R. Civ. Pro. 12(b)(6). Dismissal under Rule 12(b)(6) is proper where the complaint fails to state a claim upon which relief may be granted, such as where the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Conclusory allegations are insufficient to survive a motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Green's claims are precluded by the Eleventh Amendment, which generally immunizes Pennsylvania, its agencies, and its employees acting in their official capacities, from suits brought pursuant to 42 U.S.C. § 1983 in federal court, see Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). As explained by the District Court, none of the exceptions to Eleventh Amendment immunity applies here because Pennsylvania has not consented to suit in federal court, see 1 Pa. Cons. Stat. Ann. § 2310; 42 Pa. Cons. Stat. Ann. § 8521(b), and the defendant, the Domestic Relations Section of the Montgomery County Court of Common Pleas, is a sub-unit of Pennsylvania's unified judicial system. All courts in the unified judicial system are part of the Commonwealth and are entitled to Eleventh Amendment immunity. See Haybarger v. Lawrence County Adult Probation & Parole, 551 F.3d 193, 198 (3d Cir. 2008). Furthermore, "all components of the judicial branch of the Pennsylvania government are state entities and

4

thus are not persons for section 1983 purposes." Callahan v. City of Philadelphia, 207 F.3d 668, 674 (3d Cir. 2000). See also Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989) ("[A] State is not a 'person' within the meaning of § 1983."). Therefore, all claims against the Domestic Relations Section of the Montgomery County Court of Common Pleas were properly dismissed pursuant to its Eleventh Amendment immunity.

In his informal brief, Green argues that the District Court's decision not to address his claims on the merits was itself a violation of due process, Informal Brief, at 1, that Conference Officer Melissa Johnson fabricated a Guidelines amount, id. at 2; that Johnson and Conference Officer Mindy Harris do not enjoy Eleventh Amendment immunity, id. at 3; and that, if he cannot pursue his claims in federal district court, he will take his case to the United States Supreme Court, id. at 4. These arguments do not provide a basis for reversing the District Court. In his original complaint, Green named Conference Officers Harris and Johnson as defendants, and stated that they were being sued in their individual capacities. However, sixteen days after filing his original complaint, Green filed an amended complaint in which he named only the Domestic Relations Section of the Court of Common Pleas as a defendant. Amended Complaint, at ¶ I(B). A party may amend his pleading once as a matter of course within 21 days of serving it, Fed. R. Civ. P. 15(a)(1)(A); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). When a plaintiff files an amended complaint as of right, it supersedes the original complaint and becomes the operative pleading. See West Run Student Housing Assoc., LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013). The District Court properly treated Green's amended complaint, naming as defendant only the Domestic

5

Relations Section of the Court, as the operative complaint. We note further that, although Rooker-Feldman holds that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations, Green may still have review of his constitutional claims in the Pennsylvania appellate courts, and, ultimately, in the Supreme Court of the United States under 28 U.S.C. § 1257. See E.B. v. Verniero, 119 F.3d 1077, 1090 (3d Cir. 1997).

For the foregoing reasons, we will affirm the order of the District Court dismissing Green's amended complaint.