68 P.3d 644

**Myra K. UYEHARA, Plaintiff–Appellant,**

**v.**

**Gregory K. UYEHARA, Defendant–Appellee,**

**and**

**John Does 1–100, Jane Does 1–100, Doe Partnerships 1–100, Doe Corporations 1–100, Doe Government Entities 1–100, Defendants.**

No. 24824.

Intermediate Court of Appeals of Hawai'i.

April 11, 2003.

Richard Lee, Honolulu, and Curtis Kam, on the briefs, for Plaintiff–Appellant.

Joyce J. Uehara and Ben Majoe, Honolulu, on the briefs, for Defendant–Appellee.

BURNS, C.J., LIM and FOLEY, JJ.

Opinion of the Court by BURNS, C.J.

Plaintiff–Appellant Myra K. Uyehara (Myra) appeals from the December 12, 2001 "Judgment of Dismissal Re: Plaintiff's Complaint Filed March 21, 2001 and Plaintiff's First Amended Complaint Filed March 29, 2001" (Judgment of Dismissal) entered by Judge Victoria S. Marks.

The dispositive issue is whether Judge Marks was right when she decided the following:

I think this case is distinguishable from *Brooks versus Minn.*[1] This is not an enforcement action, rather, the plaintiff is really asking to set aside or reform the property settlement divorce decree, and that should be more properly before the family court as opposed to the circuit court, and therefore, the motion's granted.

(Footnote added.) We answer yes and affirm.

A.

BACKGROUND

Myra and Defendant–Appellee Gregory K. Uyehara (Gregory) were married on or about April 18, 1969. On March 29, 1999, Gregory filed a "Complaint for Divorce" in the Family Court of the First Circuit (the family court). Only Gregory was represented by counsel.

On March 30, 1999, a proposed divorce decree prepared by Gregory's counsel was approved as to form and content by Myra and Gregory. The proposed divorce decree stated, in relevant part, as follows: "Each party shall be awarded as his or her sole property all retirement benefits to which he or she is entitled or to which he or she may become entitled."

Also on March 30, 1999, Myra signed an "Appearance and Waiver" prepared by Gregory's counsel.

On April 7, 1999, the following documents were filed: "Appearance and Waiver," each party's "Income and Expense Statement," and each party's "Asset and Debt Statement."

Myra's Asset and Debt Statement reported that she owned only two major assets. One was a 1991 Toyota automobile. The other was a "[Deferred] Comp" "Retirement" plan she had been in for fifteen years and its "Total Value" was "$27,000.00."

Gregory's Asset and Debt Statement reported, in relevant part, that he owned the following:

1. A "GTE Hawn Tel" "pension/S & I" plan he had been in for twenty-nine years and its "Total Value" was "unknown/$57,000."

2. A "GTE Hawn Tel" "ESOP" plan he had been in for twenty-nine years and its "Total Value" was "$47,000."

On April 23, 1999, after a hearing on April 22, 1999, Judge Marilyn Carlsmith entered the Divorce Decree that had been signed by the parties on March 30, 1999. Counsel for Gregory reported that, on April 27, 1999, she mailed Myra a certified copy of the Divorce Decree, each party's Income and Expense Statement, each party's Asset and Debt Statement, and Myra's Appearance and Waiver.

Myra filed a Complaint on March 21, 2001, in the First Circuit Court and a First Amended Complaint on March 29, 2001. Essentially, the two documents are identical. In the First Amended Complaint, Myra (1) presented claims for "**MISREPRESENTATION**," "**UNJUST ENRICHMENT/CONSTRUCTIVE TRUST**," and "**PUNITIVE DAMAGES**"; (2) sought "[g]eneral damages and interest," "[a]ttorney's fees and costs," and "[s]uch other and further relief as this Court deems just and appropriate in the circumstances"; and (3) alleged, in relevant part, as follows:

6. On or about April 23, 1999, a Divorce Decree (hereinafter "Decree") was filed fi-

1. *Brooks v. Minn,* 73 Haw. 566, 836 P.2d 1081 (1992).

nalizing [Myra's] and [Gregory's] divorce. . . .

7. Pursuant to the Decree, [Myra] and [Gregory] were each awarded their own retirement accounts and waived any and all interest they may have had in and to the retirement benefits of the other party.

8. Prior to signing the Decree, [Gregory] informed [Myra] that her retirement should be approximately equal to his retirement, making the property division equal. Based on this assertion, [Myra] believed the property division to be fair and signed the Decree.

9. Prior to signing the divorce documents, [Myra] learned that [Gregory] was having an affair, leaving [Myra] distraught and in a highly emotional state of mind.

10. [Myra] has recently discovered that her retirement is valued drastically less th[a]n [Gregory's] retirement. This misrepresentation caused [Myra] to relinquish her legal right to a percentage of [Gregory's] retirement and to sign the Decree.

. . . .

12. [Gregory] materially misrepresented to [Myra] that their retirements were of equal value, and was aware that [Myra] was relying upon his advice in deciding whether the Decree was equitable.

. . . .

15. [Gregory's] misrepresentation to [Myra] about the value of the retirement accounts w[as] intended to induce, and did induce [Myra's] detrimental reliance thereon; the nature of which, if left un-remedied would result in [Gregory's] unjust enrichment.

On April 11, 2001, Gregory filed his answer to Myra's Complaint denying many of the allegations and asserting various defenses and affirmative defenses.

On April 27, 2001, Gregory filed "Defendant's Motion to Dismiss Plaintiff's Complaint Filed March 21, 2001 and Plaintiff's First Amended Complaint Filed March 29, 2001 and Request for Attorneys' Fees" (Motion to Dismiss).[2] The grounds alleged were as follows:

(1) the Family Court of the First Circuit retains continuing subject matter jurisdiction to adjudicate [Myra's] claims; (2) the applicable one year statute of limitations renders [Myra's] claims for fraud and/or misconduct untimely; and (3) [Myra's] independent claims for equitable relief, if any, are barred by operation of laches.

At the hearing on May 29, 2001, Judge Marks decided the following:

I think this case is distinguishable from *Brooks versus Minn.* This is not an enforcement action, rather, the plaintiff is really asking to set aside or reform the property settlement divorce decree, and that should be more properly before the family court as opposed to the circuit court, and therefore, the motion's granted.

On December 12, 2001, Judge Marks entered the Judgment of Dismissal. It stated, in relevant part, that Myra's First Amended Complaint filed March 29, 2001, was dismissed with prejudice. On January 8, 2002, Myra filed a notice of appeal.[3]

### B.

### POINTS ON APPEAL

Myra argues that Judge Marks erred as follows:

1. . . . in granting in part Defendant's Motion to Dismiss Plaintiff's Complaint

---

**2.** The First Amended Complaint replaced the Complaint, and the Complaint was not extant and could not be dismissed.

**3.** On June 15, 2001, Judge Victoria S. Marks entered the "Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Plaintiff's Complaint Filed March 21, 2001 and Plaintiff's First Amended Complaint Filed March 29, 2001 and Request for Attorneys' Fees Filed April 27, 2001" (Order). Judge Marks' Order dismissed, with prejudice, both the Complaint and the First

Amended Complaint filed by Plaintiff–Appellant Myra K. Uyehara (Myra), but denied Defendant–Appellee Gregory K. Uyehara's (Gregory) request for attorneys' fees. On July 10, 2001, Myra filed a notice of appeal. The Hawai'i Supreme Court, on November 30, 2001, entered an order dismissing Myra's July 10, 2001 appeal on the basis of a lack of jurisdiction because the circuit court's June 15, 2001 Order had not been reduced to a separate judgment, thus, the appeal was premature.

Filed March 21, 2001 and Plaintiff's First Amended Complaint Filed March 29, 2001 and Request for Attorney's Fees Filed April 27, 2001[; and]

2. ... in dismissing Plaintiff's First Amended Complaint with prejudice.

Regarding point 1, Myra challenges the decision that this case was distinguishable from *Brooks v. Minn,* 73 Haw. 566, 836 P.2d 1081 (1992), and was "more properly before the family court as opposed to the circuit court[.]" Myra argues that the family court's jurisdiction over her claim was neither "exclusive" nor "original" and that because neither the family court nor the parties reserved jurisdiction in the family court, the family court could not exercise jurisdiction over Myra's Complaint and First Amended Complaint.

With respect to point 2, Myra argues that the court's decision to dismiss the case with prejudice effectively barred her from pursuing her claim in the family court and was inconsistent with the court's ruling that the dismissal was based on lack of subject-matter jurisdiction.

## C.

### STANDARD OF REVIEW

#### Jurisdiction

■ "The existence of jurisdiction is a question of law that we review *de novo* under the right/wrong standard." *State v. Adam,* 97 Hawai'i 475, 481, 40 P.3d 877, 883 (2002) (quoting *Amantiad v. Odum,* 90 Hawai'i 152, 158, 977 P.2d 160, 166 (1999)) (citation and internal quotation marks omitted). See *Casumpang v. ILWU, Local 142,* 94 Hawai'i 330, 337, 13 P.3d 1235, 1243 (2000).

#### Motion to Dismiss

■ "Review of a motion to dismiss for lack of subject matter jurisdiction is based on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff. Dismissal is improper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . . .' [W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the trial court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *Casumpang,* 94 Hawai'i at 337, 13 P.3d at 1243 (quoting *Norris v. Hawaiian Airlines, Inc.,* 74 Haw. 235, 240, 842 P.2d 634, 637 (1992)) (citations and brackets omitted).

## D.

### RELEVANT STATUTES, RULES, AND PRECEDENT

Hawaii Revised Statutes (HRS) § 580–1 (1993) states, in relevant part, that "[e]xclusive original jurisdiction in matters of annulment, divorce, and separation, ... is conferred upon the family court[.]"

HRS § 580–47(b) (2002) states that "[a]n order as to the custody, management, and division of property and as to the payment of debts and the attorney's fees, costs and expenses incurred in the divorce shall be final and conclusive as to both parties subject only to appeal as in civil cases."

HRS § 580–56 (1993) states, in relevant part, as follows:

(a) Every decree of divorce which does not specifically recite that the final division of the property of the parties is reserved for further hearing, decision, and orders shall finally divide the property of the parties to such action.

. . . .

(d) Following the entry of a decree of divorce, or the entry of a decree or order finally dividing the property of the parties to a matrimonial action if the same is reserved in the decree of divorce, or the elapse of one year after entry of a decree or order reserving the final division of property of the party, a divorced spouse shall not be entitled to ... any share of the former spouse's personal estate.

Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b) (2003) and Hawai'i Family Court Rules (HFCR) Rule 60(b) (2003) are essentially the same. HFCR Rule 60(b) states, in relevant part, the following:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceedings was entered or taken.

In *Hayashi v. Hayashi,* 4 Haw.App. 286, 290–92, 666 P.2d 171, 174–76 (1983) (citations omitted), this court stated, in relevant part, the following:

[HFCR] Rule 60(b)(6) permits the trial court in its sound discretion to relieve a party from a final judgment. Such relief is extraordinary and the movant must show that (1) the motion is based on some reason other than those specifically stated in clauses 60(b)(1) through (5); (2) the reason urged is such as to justify the relief; and (3) the motion is made within a reasonable time.

The first requirement is self-explanatory and merely indicates that subsection (6) is a residual clause to provide relief for considerations not covered by the preceding five clauses. The second requirement means that the movant must prove that there are exceptional circumstances justifying relief.

The third requirement calls for diligence by the moving party. Although Rule 60(b)(6) motions are not subject to the one-year limitation, they must be brought within a reasonable time. What constitutes a "reasonable time" is determined in the light of all attendant circumstances, intervening rights, loss of evidence, prejudice to the adverse party, the commanding equities of the case, and the general policy that judgments be final.

. . . .

... Resort to the independent equitable action may be had only rarely and then only under unusual and exceptional circumstances. In order to succeed, the movant must show a recognized ground for equitable relief, such as fraud, accident, or mistake, and the absence of any other adequate remedy.

The purpose of the independent action is not to relitigate issues that were finally determined in a previous action between the same parties, nor is it a remedy for inadvertence or oversight by the losing party in the original action. Equity will not grant relief where the movant had an adequate remedy at law or could have opened, vacated, modified the decree or judgment, or obtained relief in the original action by exercising proper diligence, or where the situation from which relief is sought has been caused by movant's own fault, neglect, inadvertence or carelessness.

In *Kremkow v. Kremkow,* 7 Haw.App. 286, 290, 758 P.2d 197, 199 (1988), this court decided that after the family court enters a divorce decree expressly, implicitly, and finally awarding all of the property of the parties, HRS § 580–56(d) precludes the family court from applying HFCR Rule 60(b)(1) to vacate and change the divorce decree's final award of the property of the parties.

In *Kano v. Kano,* 8 Haw.App. 172, 178, 799 P.2d 55, 58 (1990), this court decided that after the family court enters a divorce decree expressly, implicitly, and finally awarding all of the property of the parties, HRS § 580–56(d) does not preclude the family court from applying HFCR Rule 60(b)(3) to vacate and change the divorce decree's final award of the property of the parties.

In *Brooks,* pursuant to a property settlement agreement, a promissory note became defendant's legal obligation to the plaintiff when the promissory note was incorporated into the divorce decree. The divorce decree was final and the time for appealing it had passed. The plaintiff filed a complaint in circuit court against the defendant, seeking collection of the amounts due her under the promissory note. The Hawai'i Supreme Court concluded that the "[plaintiff], as a decree-judgment creditor, can enforce collection of family court-ordered installment prop-

erty settlement payments (i.e., deferred payment arrearages) either through the circuit (i.e., civil) court or the family court." *Brooks*, 73 Haw. at 573–74, 836 P.2d at 1085.

## E.

## DISCUSSION

■ Myra argues: (1) Hawai'i caselaw establishes that "trial courts of the First Circuit may indeed hear matters arising from divorce decrees, especially in cases where the family court's jurisdiction may have lapsed"; (2) the circuit court is the "most appropriate forum" and "[t]his is consistent with [HRS] § 603–21.5 [ (Supp.2002) ] and the general proposition that the Circuit Court has jurisdiction over all civil causes of action unless precluded by the state constitution or by statute" [4]; and (3) HRCP Rule 60(b) does not apply to her Complaint because

[Myra] has not brought a motion under [HRCP] [R]ule 60(b). Rather, she has brought an independent action seeking rescission of a contract entered into under fraudulent circumstances. She seeks appropriate equitable and legal damages. These causes of action sound in contract and tort, and are not subject to the one-year statute of limitations.

As noted above, Myra presented claims for "MISREPRESENTATION", "UNJUST ENRICHMENT/CONSTRUCTIVE TRUST," and "PUNITIVE DAMAGES," and sought "[g]eneral damages and interest," "[a]ttorney's fees and costs," and "[s]uch other and further relief as this Court deems just and appropriate in the circumstances." The basis for her claims was the alleged fact that

"[Gregory] materially misrepresented to [Myra] that their retirements were of equal value, and was aware that [Myra] was relying upon his advice in deciding whether the Decree was equitable."

In other words, Myra is suing Gregory in circuit court for damages caused her by the property division and distribution part of the Divorce Decree to which she consented. Myra alleges that her consent was obtained by Gregory by his material misrepresentation. We conclude that the law does not permit Myra to directly attack in circuit court the validity of the property and distribution part of the Divorce Decree.

HRS § 580–1 (1993) states, in relevant part, that "[e]xclusive original jurisdiction in matters of annulment, divorce, and separation, ... is conferred upon the family court[.]"

HRS § 580–47(b) (2002) states that "[a]n order as to the custody, management, and division of property and as to the payment of debts and the attorney's fees, costs and expenses incurred in the divorce shall be final and conclusive as to both parties subject only to appeal as in civil cases."

HFCR Rule 60(b) states, in relevant part, as follows:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other mis-

---

4. Hawaii Revised Statutes § 603–21.5 (Supp. 2002) states, in relevant part, the following:

**General.** (a) The several circuit courts shall have jurisdiction, except as otherwise expressly provided by statute, of:
(1) Criminal offenses cognizable under the laws of the State, committed within their respective circuits or transferred to them for trial by change of venue from some other circuit court;
(2) Actions for penalties and forfeitures incurred under the laws of the State;
(3) Civil actions and proceedings, in addition to those listed in sections 603–21.6, 603–21.7, and 603–21.8.

(b) The several circuit courts shall have concurrent jurisdiction with the family court over:
(1) Any felony under section 571–14, violation of an order issued pursuant to chapter 586, or a violation of section 709–906 when multiple offenses are charged through complaint or indictment and at least one other offense is a criminal offense under subsection (a)(1); and
(2) Any felony under section 571–14 when multiple offenses are charged through complaint or indictment and at least one other offense is a violation of an order issued pursuant to chapter 586, a violation of section 709–906, or a misdemeanor under the jurisdiction of section 604–8.

conduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceedings was entered or taken.

To obtain any kind of relief from the property division and distribution part of the Divorce Decree entered by the family court, Myra must successfully challenge the finality and conclusiveness of that part of the Divorce Decree by alleging and proving that her consent was obtained by Gregory's material misrepresentation. The question is, in light of the relevant statutes, rules and precedent, does the circuit court have subject matter jurisdiction to do what Myra must have done to obtain the relief she seeks? The answer is no. Only the family court could have granted her the relief she seeks. Whether the family court now can and will grant her such relief are different and unanswered questions.

This is a direct attack on the property division and distribution part of the Divorce Decree. It is not an independent action. If it was, as noted in *Hayashi*, "[e]quity will not grant relief where the movant ... could have opened, vacated, modified the decree or judgment, or obtained relief in the original action by exercising proper diligence[.]" The words "could have" refer to the past.

Myra asserts that the basis for the circuit court's dismissal of her Complaint was a ruling that it lacked subject matter jurisdiction and argues that a dismissal "with prejudice" was "internally inconsistent" with such a ruling. She notes that

> [a] dismissal of a lawsuit with prejudice is generally regarded as an adjudication on the merits of all issues that were raised or could have been raised in the pleadings, thus barring, on *res judicata* grounds, any subsequent litigation involving the same claims, *Land v. Highway Constr. Co.,* 64 Haw. 545, 551, 645 P.2d 295, 299, *recon. denied,* 64 Haw. 688 (1982)[ (citation omitted) ], and terminating the trial court's jurisdiction over the lawsuit. *Hinsdale v. Farmers Nat'l Bank & Trust Co.,* 823 F.2d 993, 995 (6th Cir.1987); *McCall–Bey v.*

*Franzen,* 777 F.2d 1178, 11[90] (7th Cir. 1985).

Myra argues that it is well established that

> [a] jurisdictional dismissal is not a judgment on the merits. Pursuant to this rule, ... a judge ordering a dismissal based upon lack of subject matter jurisdiction "retain[s] no power to make judgments relating to the merits of the case." *Cook v. Peter Kiewit Sons Co.,* 775 F.2d 1030, 1035 (9th Cir.1985), *cert. denied,* 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 547 (1986).

(Citation and footnote omitted; emphasis in original.) Myra states that if the court was correct in assuming that her First Amended Complaint was "more appropriately presented ... before the family court," it should not have prohibited her from filing her complaint there.

HRCP Rule 41(b) (2003) states, in relevant part, that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, ... operates as an adjudication upon the merits." The record shows that the circuit court dismissed this case because the circuit court lacked subject matter jurisdiction. Therefore, the dismissal was not an adjudication upon the merits. On the other hand, while the court's statement that the dismissal was "with prejudice" was wrong, it is clear that Myra is barred from resubmitting this case in the circuit court.

## CONCLUSION

Accordingly, we affirm the "Judgment of Dismissal Re: Plaintiff's Complaint Filed March 21, 2001 and Plaintiff's First Amended Complaint Filed March 29, 2001," filed on December 12, 2001, in favor of Defendant–Appellee Gregory K. Uyehara and against Plaintiff–Appellant Myra K. Uyehara.