**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000128
23-OCT-2024
07:49 AM
Dkt. 68 SO**

NO. CAAP-21-0000128

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GREGORY ARMIN SCHER, Plaintiff-Appellant,
v.
LYDIA CHEYENNE SCHER, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 18-1-6961)

SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

This appeal arises out of a denial of a motion for post-divorce decree relief seeking retroactive modification of child support payments.

Plaintiff-Appellant Gregory Armin Scher (**Father**) appeals from the May 3, 2021 "Amended Order Re: [Father]'s Motion and Declaration for Post-Decree Relief Filed January 7,

2020" (**Amended Order for Post-Decree Relief**),[1] filed by the Family Court of the First Circuit (**Family Court**).[2]

On appeal, Father contends that the Family Court erred by: refusing to modify child support "retroactively" under Hawaiʻi Family Court Rules (**HFCR**) Rule 60; holding that his "default at the [Child Support Enforcement Agency (**CSEA**)] hearing precluded him from bringing a [HFCR] Rule 60(b) motion"; and "finding that [he] failed to prove that utilization of his 2017 Tax Return at the CSEA hearing constituted fraud or misrepresentation" under HFCR Rule 60(b)(3).[3]

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we affirm.

On April 12, 2019, the Family Court granted default judgment in favor of Lydia Cheyenne Scher (**Mother**) on Father's 2018 divorce complaint, after Father failed to appear. The order granting default judgment reserved the issue of child

---

[1]    Father's Notice of Appeal appeals from the February 11, 2021 "Order Re [Father]'s Motion and Affidavit for Post-Decree Relief Filed January 7, 2020." We construe Father's appeal as from the May 3, 2021 Amended Order for Post-Decree Relief.

[2]    The Honorable Brian A. Costa presided.

[3]    Father's three points of error (**POEs**) set forth above do not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). See HRAP Rule 28(b)(4) (requiring the POEs to be "set forth in separately numbered paragraphs"; state "where in the record the alleged error occurred"; state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency"; and "when the point involves a finding or conclusion of the court or agency, either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions"). Despite Father's noncompliance with HRAP Rule 28(b)(4), we endeavor to afford "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up). We construe Father's POEs as arguments challenging the order at issue in this appeal.

support because an administrative proceeding for child support was pending with the CSEA.

On April 30, 2019, the CSEA filed an "Administrative Findings and Order" (**CSEA Order**), requiring Father to pay monthly child support in the amount of $1,246.00 per month, commencing May 1, 2019. The CSEA Order found that Father failed to appear at the April 17, 2019 hearing and was defaulted; and the only information presented regarding Father's income was Mother's submission of Father's 2017 federal tax return reflecting a monthly average income of $10,147.00 per month.

On May 29, 2019, Father appealed the CSEA Order, which was dismissed for lack of appellate jurisdiction. Father did not appeal this dismissal.

On June 25, 2019, the Family Court entered a divorce decree, ordering Father to pay Mother child support pursuant to the CSEA Order.

On December 11, 2019, Father filed a "Motion and Declaration for Post-Decree Relief" (**Motion for Post-Decree Relief**), arguing that he "had not worked for most of 2018 and 2019, so the income stated was false"; he was "incarcerated since April 2019" with "no income"; and child support "should be modified as of April 30, 2019, to reflect . . . [his] current income." Mother opposed, arguing that the Motion for Post-Decree Relief did not state that it was brought under HFCR Rule 60; that if Father was seeking relief under HFCR Rule 60, the motion was untimely; that child support cannot be modified retroactively; and that the motion did not allege fraud or include any facts that might constitute fraud. The Family Court set a December 2, 2020 hearing on the motion, and indicated that

it would "hear argument on [HFCR] Rule 60(B)(3) regarding fraud."[4]

The Family Court's Amended Order for Post-Decree Relief, which is the subject of this appeal, denied Father's request for retroactive modification of child support payments as follows:

> 3. [Father]'s request for a retroactive modification of child support from April 30, 2019 up to the filing of the motion on December 11, 2019, is denied . . . . The Court finds that it does have the ability to change child support retroactively from the filing of the motion on December 11, 2019 to present.

The Family Court, however, granted relief in part, through prospective modification of child support payments from the filing date of the Motion for Post-Decree Relief onward.

Following Father's March 12, 2021 Notice of Appeal, the Family Court filed its May 6, 2021 "Findings of Fact and Conclusions of Law" (**FOFs/COLs**) and found, inter alia, that: it could not retroactively modify child support payments; Father was "not entitled to bring an equitable action under HFCR Rule 60(b)(3)," where the CSEA Order was a result of Father's "failure to appear" at the April 17, 2019 hearing and his "inadvertence or carelessness"; the "CSEA Order [was] a valid enforceable order"; and even if Father could seek relief under HFCR Rule 60(b)(3), "Father failed to meet his burden to prove fraud or misrepresentation."

---

[4] There is no transcript of the December 2, 2020 hearing on father's Motion for Post-Decree Relief. See HRAP Rule 10(b)(1)(A) (requiring the appellant to "file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file in the appeal"); Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (cleaned up)). In any event, in these circumstances, the absence of the transcript in the record does not impede our review.

Father's arguments -- that the Family Court has "the 'ability' to change child support retroactively" under HFCR Rule 60; that his "default at the CSEA hearing" did not "preclude[] him from bringing a[n] [HFCR] Rule 60(b) motion"; and "that utilization of his 2017 Tax Return at the CSEA hearing constituted fraud or misrepresentation" under HFCR Rule 60(b)(3)--lack merit.

"Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion." Kakinami v. Kakinami, 127 Hawaiʻi 126, 136, 276 P.3d 695, 705 (2012) (citation omitted). "The family court's FOFs are reviewed on appeal under the 'clearly erroneous' standard[,]" and "COLs are reviewed on appeal de novo, under the right/wrong standard." Id. (citations omitted).

Generally, "court-ordered child support payments may be modified prospectively but not retroactively, except pursuant to Rule 60, [HFCR]." Lindsey v. Lindsey, 6 Haw. App. 201, 204, 716 P.2d 496, 499 (1986) (internal citation omitted); see Matter of Kaohu, No. CAAP-22-0000559, 2023 WL 8281140, at *5 (Haw. App. Nov. 30, 2023) (SDO) ("It is well settled that court-ordered child support payments may be modified prospectively but not retroactively, except pursuant to HFCR Rule 60." (citations omitted)). Hawaii Revised Statutes (**HRS**) § 576E-14(b) (2018) provides for prospective modification of CSEA child support orders, stating: "Only payments accruing subsequent to service of the request on all parties may be modified, and only upon a showing of a substantial and material change of circumstances . . . ." (Emphasis added.)

HFCR Rule 60(b)(3) permits a party to seek post-judgment relief from a final judgment or order, on the basis of

fraud, "[o]n motion and upon such terms as are just[.]"  The purpose of HFCR Rule 60, however, "is not to relitigate issues that were finally determined in a previous action between the same parties, nor is it a remedy for inadvertence or oversight by the losing party in the original action."  Uyehara v. Uyehara, 101 Hawaiʻi 370, 374, 68 P.3d 644, 648 (App. 2003) (quoting Hayashi v. Hayashi, 4 Haw. App. 286, 290-92, 666 P.2d 171, 174-76 (1983)).  Under this rule, "[e]quity will not grant relief where the movant . . . could have . . . obtained relief in the original action by exercising proper diligence, or where the situation from which relief is sought has been caused by movant's own fault, neglect, inadvertence or carelessness."  Id. (citation omitted).

Here, the Family Court correctly concluded that it could not retroactively modify the child support payments from the date of the April 30, 2019 CSEA Order, and that the HFCR Rule 60(b) exception allowing retroactive modification did not apply.  See Lindsey, 6 Haw. App. at 204, 716 P.2d at 499.  The record reflects that the CSEA's determination of the child support amount was made under circumstances where Father failed to appear at the CSEA hearing; failed to present evidence opposing or rebutting Mother's evidence of Father's 2017 tax return; and failed to appeal the dismissal of his appeal of the CSEA Order.  See GW v. Child Support Enf't Agency, No. CAAP-17-0000368, 2018 WL 1980234, at *3 (Haw. App. April 27, 2018) (SDO) (holding that appellant could not argue that the CSEA "erred by not utilizing his income while incarcerated to calculate the amount of child support in the 2012 Administrative Order," because appellant "did not appeal from the 2012 Administrative Order" and "it was final and binding").  Given this record, the Family Court did not err in its conclusions

that:  Father was "not entitled to bring an equitable action under HFCR Rule 60(b)(3) to retroactively modify the CSEA Order when he failed to appear and defend in the action"; and Father "failed to exercise proper diligence and/or any error at the CSEA hearing was caused, in large part, by Father's inadvertence or carelessness."  See Kakinami, 127 Hawaiʻi at 136, 276 P.3d at 705; Uyehara, 101 Hawaiʻi at 374, 68 P.3d at 648.  While Father's request for retroactive modification of his child support payments was denied, the Family Court granted Father partial relief by prospectively modifying Father's child support payments.  We conclude the Family Court's Amended Order for Post-Decree Relief did not constitute an abuse of discretion. See Kakinami, 127 Hawaiʻi at 136, 276 P.3d at 705.

For the foregoing reasons, we affirm the May 3, 2021 "Amended Order Re: Plaintiff's Motion and Declaration for Post-Decree Relief Filed January 7, 2020," filed by the Family Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, October 23, 2024.

On the briefs:

Charles H. Brower
for Plaintiff-Appellant.

Richard J. Diehl
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge