JOHN E. LAND, Plaintiff-Appellee, *v.* HIGHWAY CONSTRUCTION COMPANY, LTD., a Hawaii Corporation, Defendant-Appellee, Cross-Appellant, and STATE OF HAWAII, Defendant-Appellant, Cross-Appellee, and DOES ONE through TEN, Defendants

(CIVIL NO. 45519)

AND

REED J. BOWLING, Plaintiff-Appellee, *v.* HIGHWAY CONSTRUCTION COMPANY, LTD., a Hawaii Corporation, Defendant-Appellee, Cross-Appellant, and STATE OF HAWAII, Defendant-Appellant, Cross-Appellee, Third-Party Plaintiff-Appellant, *v.* JOHN E. LAND, Third-Party Defendant-Appellee, and DOES ONE through TEN, Defendants

(CIVIL NO. 45764)

NO. 6629

MAY 18, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,
AND RETIRED JUSTICES OGATA AND MENOR,
ASSIGNED TEMPORARILY

OPINION OF THE COURT BY OGATA, J.

This is an appeal by defendant-appellant, State of Hawaii (hereinafter State), from the order dismissing cross-claim and denying motion for leave to file third-party complaint and from final judgment entered by the First Circuit Court in favor of plaintiff-appellee, Reed Bowling (hereinafter Bowling), and plaintiff-third party defendant-appellee, John Land (hereinafter Land). In addition, Highway Construction Company, Ltd. (hereinafter Highway Construction), appeals from an order denying its motion for summary judgment. For the reasons set forth below, we reverse in part and affirm in part.

As a result of an automobile accident on July 8, 1974, on an unopened section of the H-3 freeway[1] in Kaneohe, Hawaii, John Land and Reed Bowling each filed a separate law suit in the First Circuit Court alleging negligence against the State and Highway Construction.[2] These actions alleged that the State, Highway Construction or other unidentified persons were negligent in placing a concrete piling[3] which blocked one of the Honolulu bound lanes, whereupon Land's automobile struck the piling and caused serious injuries to Land and Bowling.

In both actions, the State answered and cross-claimed against Highway Construction alleging that Highway Construction Company's negligence caused the injuries to Land and Bowling; that Highway Construction breached its contract to indemnify the State;

---

[1] The instant case involves a three-mile segment of the H-3 project completed between the Kaneohe Marine Corp Air Station and the Kapaa Quarry, which is part of the federal aid interstate project. Construction of the freeway was the responsibility of the State who contracted with Highway Construction, Hawaiian Dredging and Construction Company, Ltd., and J. A. Thompson, Inc., to complete various portions of this project.

Thompson was responsible for the first section of the freeway which ran from the Marine Corps Air Station to Mokapu Saddle Road. Hawaiian Dredging built the second section which included the overpass over Mokapu Saddle Road. Highway Construction was responsible for the remainder of the project to Kapaa Quarry.

[2] Land's action was filed on July 2, 1975, and designated Civil No. 45519. Thereafater, Bowling initiated his action, Civil No. 45764, on July 25, 1975.

[3] The concrete piling involved was described to be about 15 inches high, 15 inches wide, and approximately 10 to 15 feet long, and weighing 2,000 pounds.

that the State was passively negligent, if at all, while Highway Construction was actively negligent; and that if plaintiff recovers a judgment, the State can recover a corresponding judgment from Highway Construction by way of contribution.

The State also filed a third-party complaint against Land in the action brought by Bowling. The State averred that Land was negligent and that the State should receive contribution or set-off from Land in any judgment recovered by Bowling.

These actions were consolidated together for trial. Then, on January 3, 1977, one day prior to trial, Land and Bowling dismissed with prejudice, their claims against Highway Construction and left the State as the remaining defendant. A bench trial commenced on January 4, 1977. After Highway Construction's motion to dismiss the State's cross-claim was orally granted, the State sought leave to file a third-party complaint against Highway Construction. That request was denied by the trial court as being untimely.

After considering all the evidence, the trial court found that the State was negligent and the sole proximate cause of the accident. The court also found that Land and Bowling were not contributorily negligent. This finding resulted in the dismissal of the State's third-party complaint against Land. Judgment was entered for Bowling against the State in the amount of $305,954.80, and for Land in the amount of $377,944.46.

Although many questions were presented, the dispositive issue of this appeal is whether the trial court erred in dismissing the State's cross-claim against Highway Construction. If there was error, we must then ascertain whether such error was reversible. *Fairview Park Excavating Co. v. Al Monzo Construction Co.,* 560 F.2d 1122 (3rd Cir. 1977).

The State argues that at the time the cross-claims were filed, Highway Construction was still a party to the action; thus, the subsequent dismissal by plaintiffs Land and Bowling of Highway Construction as a co-defendant does not dismiss the cross-claim pending.

Rule 13(g), H.R.C.P. states:

*Cross-Claim Against Co-Party.* A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the

· original action or of a counter-claim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

This provision is the same as the corresponding federal rule. *See* Rule 13(g), F.R.C.P.

The rules provide that a cross-claim is permitted only against a co-party. A co-party is defined as that person having like status, such as co-defendants. *Schwab v. Erie Lackawanna Railroad Co.,* 438 F.2d 62, 65-66 (3rd Cir. 1971). Therefore, if a person or entity has been dismissed or eliminated from the action prior to the filing of the cross-claim, the cross-claim would be invalid since it was not brought against a co-party. *Aerotrade Inc. v. Republic of Haiti,* 399 F. Supp. 618 (D.C.N.Y. 1975); *Frommeyer v. L & R Construction Co.,* 139 F. Supp. 579, 586 (D.N.J. 1956).

However, where a cross-claim was filed against one who was a co-party, and where the underlying claim was dismissed, the dismissal of the underlying claim does not operate as a dismissal of the cross-claim filed against a defendant by a co-defendant. *Frommeyer v. L & R Construction Co., supra; Picou v. Rimrock Tidelands,* 29 F.R.D. 188 (E.D. La. 1962); *see Fairview Park Excavating Co. v. Al Monzo Construction Co., supra; Aetna Insurance Co. v. Newton,* 398 F.2d 729 (3rd Cir. 1968); *Slotkin v. Brookdale Hospital Center,* 377 F. Supp. 275 (S.D.N.Y. 1974); *Barker v. Louisiana & Arkansas Railway Co.,* 57 F.R.D. 489 (W.D. La. 1972); *Hecht Co. v. District of Columbia,* 139 A.2d 857 (Muni. D.C. App. 1958); *see generally* 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, *Civil,* § 1431 (1971 and 1981 Supp.).

The leading case in this area is *Frommeyer v. L & R Construction Co., supra.* In that case, the general contractor [Wortmann] contracted with a subcontractor [L & R Construction] for all concrete work. In turn, the subcontractor entered into another subcontract with a third party [Frommeyer]. When the subcontractor failed to pay the third party, the third party sued the general contractor, the subcontractor and their sureties. Cross-claims were then filed by the general contractor and its surety against the subcontractor's surety. The original action brought by the third party was dismissed. How-

ever, with regard to the validity of the cross-claims filed, the court stated:

> There can be no doubt that had American not been a co-party at the time the cross-claims were made it could have been made a third-party defendant under Rule 14. But because it was a co-party of Wortmann and Seaboard at the time, the cross-claims were proper. Once proper, they did not cease to be so because the party to whom they were addressed subsequently ceased to be a co-party. This result is clearly contemplated by the language of Rule 13(g).

*Frommeyer v. L & R Construction Co.*, *supra*, at 586. Thus, the court held that the cross-claims in *Frommeyer* were still valid, despite the dismissal of the underlying claim.

In *Hecht Co. v. District of Columbia*, *supra*, plaintiff O'Neil sued both the Hecht Company and the District of Columbia for injuries sustained from a fall adjacent to Hecht's warehouse. The District filed a cross-claim against Hecht. Then prior to trial, plaintiff dismissed her claims against Hecht, leaving the District of Columbia as the sole defendant. Despite Hecht being dismissed as a defendant, the trial court permitted the District to maintain its cross-claim against Hecht. On appeal, the court approved the procedure used by the trial court and observed:

> No question has been raised about this procedure and we think it was correct. While technically Hecht ceased to be a "co-party" as referred to in Rule 13(f) of the Municipal Court Civil Rules, when Miss O'Neil dismissed her suit against it, retention by the court of jurisdiction of the cross-claim without compelling the District to file a third-party complaint as provided by Rule 14, was proper. [Citation omitted.]

139 A.2d at 858.

And in *Aetna Ins. Co. v. Newton*, *supra*, although the appeal was dismissed for lack of a final order, the court recognized the validity of the rule that "a dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant." 398 F.2d at 734.

The court in *Slotkin v. Brookdale Hospital Center*, *supra*, held that dismissal of a co-defendant by plaintiffs did not operate to dismiss the cross-claims interposed by other defendants which were filed

prior to the order of dismissal. The dismissed defendant remained in the action as a co-party so that it can defend against the valid cross-claims.

Applying the above-stated rule to the instant case, the dismissal of Highway Construction as a co-defendant does not terminate or invalidate the cross-claim brought by the State. The record shows that the State's cross-claim against Highway Construction was filed while Highway Construction was still a co-party. The State's valid cross-claim was not extinguished by the subsequent dismissal of Highway Construction as a co-party. We hold that the trial court erred in dismissing the State's cross-claim against Highway Construction.

Now we examine whether the dismissal of the State's cross-claim against Highway Construction was reversible error. In other words, was it prejudicial for the trial court to have dismissed the State's cross-claim. See *Fairview Park Excavating Co. v. Al Monzo Construction Co., supra.*

After orally granting Highway Construction's motion to dismiss, a written order dismissing the cross-claim and denying leave to file a third-party complaint was filed on March 3, 1977. That order stated in pertinent part:

> Prior to trial, the Plaintiffs having voluntarily dismissed their actions against Defendant, Highway Construction Company, Ltd.; and
>
> The State of Hawaii having filed a Cross-Claim against Highway Construction Company, Ltd.; and
>
> At the commencement of the trial, Highway Construction Company, Ltd., having in open court moved for dismissal of the State's Cross-Claim, on the ground that a Cross-Claim lies only against a co-Defendant; and
>
> The State of Hawaii having moved for leave to file a third-party complaint against Highway Construction Company, Ltd.; and

> *GOOD CAUSE THEREFOR:*

> It is hereby ordered;
> 1. That the cross-claims of the State of Hawaii and Highway Construction Company, Ltd.; against each other, are hereby

*dismissed with prejudice;* and

2. The motion of the State of Hawaii for leave to file a third-party complaint against Highway Construction Company, Ltd., is hereby denied. [Emphasis added.]

Generally, a dismissal "with prejudice", is an adjudication on the merits of all the issues that were raised or could have been raised in the pleadings. Thus, subsequent litigation involving the same claims would be barred by *res judicata. Phillips v. Shannon,* 445 F.2d 460 (7th Cir. 1971); *Smoot v. Fox,* 340 F.2d 301 (6th Cir. 1964); *Schuster v. Northern Co.,* 257 P.2d 249 (Mount. 1953); *see generally,* 46 Am. Jur.2d, *Judgments* § 482. And conversely, a dismissal without prejudice does not operate as an adjudication on the merits wherein the doctrine of *res judicata* would have no effect. Parties are not barred from bringing a subsequent action on the same cause and are free to litigate the issue as though no action had been commenced. *Aiona v. Wing Sing Wo Co.,* 45 Haw. 427, 368 P.2d 879 (1962); *Aiona v. Wing Sing Wo Co.,* 41 Haw. 371, 372-73 & n.1 (1956); *Benedict v. Arbor Acres Farm Inc.,* 265 Ark. 574, 579 S.W.2d 605 (1979); *Maib v. Maryland Casualty Co.,* 17 Wash.2d 47, 135 P.2d 71 (1943); *see generally,* 46 Am. Jur.2d, *Judgments* § 484.

The order of March 3, 1977, reflects that the cross-claims between the State and Highway Construction were dismissed with prejudice. After final judgment was entered, we believe that this order became an adjudication on the merits of the cross-claims. Nothing in this order indicates an intent to preserve the State's right to litigate in the future the issues raised in the cross-claim. Thus, the State and Highway Construction would be barred by *res judicata* from bringing any future action on the issues raised in the cross-claims.

Being unable to litigate its claims of indemnity or contribution in a subsequent action because of *res judicata,* the State has been substantially prejudiced by the trial court's erroneous dismissal of its cross-claim against Highway Construction.

Accordingly, we vacate the order entered below dismissing the State's cross-claim against Highway Construction, affirm the order denying Highway Construction's motion for summary judgment, affirm the judgments entered March 7, 1977 on behalf of plaintiffs Bowling and Land and remand the case for future proceedings not inconsistent with this opinion.

*Burnham H. Greeley (Joseph T. Kiefer,* with him on the briefs, *Carlsmith, Carlsmith, Wichman* and *Case,* of counsel) for defendant-appellant, cross-appellee, third-party plaintiff-appellant, State of Hawaii.

*Robert M. Rothwell* for defendant-appellee, cross-appellant Highway Construction Co., Ltd.

*James F. Ventura (Libkuman, Ventura, Moon* and *Ayabe,* of counsel) for plaintiff-appellee Reed J. Bowling.

*Raymond J. Tam (Shim, Sigal, Tam* and *Naito,* of counsel) for plaintiff-appellee John E. Land.

*John R. Lacy* (appeared but did not argue; *Goodsill, Anderson* and *Quinn,* of counsel) for third-party defendant-appellee John E. Land.