**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000870
12-APR-2024
07:57 AM
Dkt. 121 SO**

NO. CAAP-19-0000870

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NOE **Raquinio**, Plaintiff-Appellant,
v.
COUNTY OF HAWAIʻI; HAWAIʻI POLICE DEPARTMENT; JEREMY LEWIS;
EDWARD LEWIS; MARCO SEGOBIA; KYLE HIRAYAMA; SEAN SMITH;
MICHAEL HARDIE; FRANK MILLER, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC19100099K)

### SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Noe **Raquinio**, representing himself,[1] appeals from the "Final Judgment" entered by the Circuit Court of the Third Circuit on December 18, 2019.[2]  We affirm.

Raquinio was arrested on January 11, 2017, by Hawaiʻi County Police Department (**HCPD**) officer Marco **Segobia**.  He was indicted for promoting a dangerous drug in the first degree, promoting a dangerous drug in the third degree, and prohibited acts related to drug paraphernalia, all related to the January 11, 2017 arrest.  He pleaded guilty to promoting a

---

[1]     Raquinio's opening brief does not comply with Hawaiʻi Rules of Appellate Procedure Rule 28(b), but we interpret the brief liberally and do not foreclose Raquinio from appellate review just because he didn't comply with court rules.  Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

[2]     The Honorable Robert D.S. Kim presided.

dangerous drug in the second degree. On January 19, 2018, he was convicted and sentenced to four years probation. He did not appeal his conviction.

On July 9, 2018, Raquinio sued HCPD, Segobia, and HCPD officers **Jeremy** Lewis, **Edward** Lewis, and Kyle **Hirayama** in federal court. He alleged various claims relating to his January 11, 2017 arrest. The defendants moved for judgment on the pleadings. The federal court granted the motion and entered judgment. Raquinio appealed. The Ninth Circuit dismissed the appeal as frivolous. Raquinio v. Haw. Police Dep't, No. 19-15849, 2019 WL 8586298 (9th Cir. dismissed Nov. 11, 2019) (mem.). The mandate issued on December 16, 2019. Id.[3]

Raquinio petitioned the state circuit court for post-conviction relief under Hawaiʻi Rules of Penal Procedure Rule 40 on October 15, 2019. We take judicial notice of the documents filed in 3PR19100002K (the **Rule 40 Proceeding**).[4] Raquinio argued that he received ineffective assistance from his defense counsel, Frank **Miller**. The court denied the petition. Raquinio appealed. We vacated in part and remanded for further proceedings. Raquinio v. State, No. CAAP-20-0000301, 2022 WL 1284969 (Haw. App. Apr. 29, 2022) (SDO). On remand, Raquinio moved to dismiss. The circuit court granted the motion and dismissed the Rule 40 Proceeding with prejudice.

Raquinio filed the complaint below on April 22, 2019. Named as defendants were HCPD, Jeremy, Edward, Segobia, Hirayama, HCPD officers Sean Smith and Michael Hardie (collectively, the **HCPD Defendants**), and Miller. The HCPD Defendants moved to dismiss. Miller filed a substantive joinder. The circuit court entered an order granting the motion on October 15, 2019. The Final Judgment was entered for the HCPD Defendants and Miller, against Raquinio. This appeal followed.

---

[3] We take judicial notice of the Ninth Circuit order and mandate under Hawaii Rules of Evidence (**HRE**) Rule 201(c) (2016).

[4] See HRE Rule 201(c).

The motion to dismiss was supported by 12 exhibits. Exhibit "3" was a copy of Raquinio's January 11, 2017 arrest report. The circuit court considered the arrest report in ruling on the motion to dismiss. We apply the standard of review for a motion for summary judgment. See Hawaiʻi Rules of Civil Procedure Rule 12(b). We review a grant of summary judgment de novo. Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Id. at 342, 418 P.3d at 1198. We "may affirm a grant of summary judgment on any ground appearing in the record, even if the circuit court did not rely on it." Reyes v. Kuboyama, 76 Hawaiʻi 137, 140, 870 P.2d 1281, 1284 (1994).

**(1)** The HCPD Defendants were entitled to summary judgment. Raquinio's tort and civil rights claims against the HCPD Defendants all relate to his arrest on January 11, 2017. They accrued at the latest on January 12, 2017, when he was released from custody. His complaint below was filed on April 22, 2019, over two years later. His claims are time-barred. HRS § 657-7 (2016); Pele Def. Fund v. Paty, 73 Haw. 578, 595, 837 P.2d 1247, 1259 (1992) (holding that two-year statute of limitations in HRS § 657-7 governs 42 U.S.C. § 1983 actions).

Raquinio's claims against the HCPD Defendants are also barred because a criminal defendant who has not overturned their conviction cannot maintain a civil tort lawsuit based on claims that necessarily imply the invalidity of the conviction. Penaflor v. Mossman, 141 Hawaiʻi 358, 363-64, 409 P.3d 762, 767-68 (App. 2017) (discussing Heck v. Humphrey, 512 U.S. 477, 484-86 (1994)).

Raquinio's briefs contain no discernible argument about his claims for injunctive relief. The circuit court did not err by granting the HCPD Defendants' motion.

**(2)** None of the four counts in Raquinio's complaint alleged a claim against Miller. The complaint states only that

Miller and the deputy prosecuting attorney did not let Raquinio enter the courtroom for a hearing on a motion to suppress. Construed liberally, that could allege ineffective assistance of counsel. But Raquinio made that claim in the Rule 40 Proceeding. It was dismissed with prejudice. "[A] dismissal 'with prejudice'[] is an adjudication on the merits of all the issues that were raised or could have been raised in the pleadings. Thus, subsequent litigation involving the same claims would be barred by res judicata." Land v. Highway Constr. Co., 64 Haw. 545, 551, 645 P.2d 295, 299 (1982).

For these reasons, the December 18, 2019 "Final Judgment" is affirmed.

DATED: Honolulu, Hawaiʻi, April 12, 2024.

On the briefs:

Noe Raquinio,
Self-represented
Plaintiff-Appellant.

Calvin E. Young,
Deirdre Marie-Iha,
Christopher P. St. Sure,
for Defendant-Appellee
Frank Miller.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

4