**Electronically Filed
Supreme Court
SCWC-17-0000847
20-MAY-2024
10:55 AM
Dkt. 17 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

ROSALINDA GANIR SAPLAN and RECTO RAMOS SAPLAN,
Respondents/Plaintiffs-Appellants,

vs.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BAFC 2007-A,
Petitioner/Defendant-Appellee.

SCWC-17-0000847

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-17-0000847; CASE NO. 1CC151001465)

MAY 20, 2024

RECKTENWALD, C.J., McKENNA, AND EDDINS, JJ.,
CIRCUIT JUDGE TOʻOTOʻO AND CIRCUIT JUDGE ASHFORD,
ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY RECKTENWALD, C.J.

## I.  INTRODUCTION

This case involves a nonjudicial foreclosure brought by U.S. Bank against Rosalinda Ganir Saplan and Recto Ramos Saplan (the Saplans).  After foreclosing on the property, U.S. Bank filed an ejectment action against the Saplans in 2011, but

then it inexplicably dropped the ball. It failed to schedule a required pretrial conference, so the circuit court dismissed the ejectment action for want of prosecution. Two more lawsuits have followed, and now the parties still dispute who has title to the property. We must determine (1) whether claim preclusion based on the 2011 action prevents U.S. Bank from claiming title, and (2) which party bears the burden of proof in this quiet title action brought by the Saplans.

In 2015, the Saplans brought the instant action to quiet title. They argued that the order dismissing the 2011 action for want of prosecution was an adjudication on the merits that quieted title in their favor and that U.S. Bank could not claim title after that. U.S. Bank moved for summary judgment, arguing the Saplans had not submitted any evidence in support of their claim of title. The circuit court granted the motion.

The Saplans appealed. The Intermediate Court of Appeals (ICA) held that the 2011 dismissal was on the merits for the purposes of claim preclusion, but it nonetheless did not preclude U.S. Bank's later action because the parties across these lawsuits were different. The ICA also held that summary judgment was improperly granted because U.S. Bank had not provided evidence that its foreclosure sale was fair, reasonably diligent, and in good faith, and the price was adequate,

2

pursuant to this court's decision in Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawai'i 227, 361 P.3d 454 (2015).

U.S. Bank raises two issues on appeal. First, it argues that the ICA erred in holding that the 2011 dismissal was on the merits for the purposes of claim preclusion. Second, U.S Bank argues that the ICA erred in holding that U.S. Bank had not met its burden of showing there were no genuine issues of material fact for trial.

We hold that the ICA erred on both issues. First, we hold that without a final judgment, there cannot be claim preclusion. Here, there was no final judgment, so there can be no claim preclusion against U.S. Bank. Second, the ICA incorrectly applied the summary judgment standard when it held that U.S. Bank had not met its burden. Because this is the Saplans' quiet title action, the Saplans have the burden of proof on the issue of property ownership. U.S. Bank met its summary judgment burden by presenting some evidence in support of its claim of title and sale, and by pointing out that the Saplans presented no evidence in support of their own claim to title. This is sufficient to shift the burden to the Saplans. Requiring U.S. Bank to meet the Kondaur requirements would subject U.S. Bank to a higher standard on summary judgment than our precedents require, effectively demanding the same showing

it would take to prevail in the case if U.S. Bank were the plaintiff.

We therefore vacate the ICA's judgment and affirm the circuit court's judgment.

## II.   BACKGROUND

In 2006, the Saplans purchased a residential property in Kailua-Kona and executed a promissory note with National City Bank for $475,200, secured by a mortgage on the property. Rosalinda Saplan, her husband Recto Saplan, and Ricky Saplan owned the property as tenants in common, each with an undivided 1/3 interest.[1]  National City Bank assigned the mortgage to U.S. Bank. By December 2009, the Saplans defaulted on the mortgage, and Rosalinda Saplan wrote to the bank stating she and her husband no longer occupied the property.  In 2011, U.S. Bank nonjudicially foreclosed on the property via PNC Bank, to which it had given limited power of attorney.  U.S. Bank sold the property to itself pursuant to a foreclosure sale in March 2011 for $288,000.  A quitclaim deed was recorded in the Bureau of Conveyances in July 2011.

Following the foreclosure sale, U.S. Bank filed an ejectment action in August 2011 to remove the Saplans and others

---

[1]     Only Rosalinda Saplan and Recto Saplan are parties to this case.

4

from the property. In August 2013, the circuit court dismissed the complaint sua sponte under former Rules of the Circuit Courts of the State of Hawai'i (RCCH) Rule 12(q)(2015).[2] The dismissal order noted it could be set aside for good cause within ten days. No party contested it, and no judgment was entered.

In April 2014, U.S. Bank filed another ejectment action for summary possession and ejectment against the Saplans, Ricky Saplan, John Does 1-50, and Jane Does 2-50. The record does not clearly reflect who was living on the property at the time, but the trial court dismissed Rosalinda and Recto Saplan as defendants, likely because Rosalinda had acknowledged in a 2009 letter that she and her husband no longer occupied the property. The writ of possession was served on Ricky Saplan and Latasha Ortiz (the domestic partner of the Saplans' son, Riley),

---

[2]      RCCH Rule 12(q) was amended in January 2022 and is now RCCH Rule 12(i). It read:

> **Dismissal for want of prosecution.** An action may be dismissed sua sponte with written notice to the parties if a pretrial statement has not been filed within 8 months after a complaint has been filed (or within any further period of extension granted by the court) or if a trial setting status conference has not been scheduled as required by Rule 12(c). Such dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of the order of dismissal.

The current version, codified at RCCH Rule 12(i), is similar.

concluding the case. U.S Bank sold the property to a third party in March 2015.

In July 2015, the Saplans filed the instant case, a complaint for quiet title against U.S. Bank in the Circuit Court of the First Circuit.[3] They claimed to be the true owners of the property. They argued that U.S. Bank's 2011 ejectment action made "claims of Quiet Title and Ejectment" and that the claim had been dismissed with prejudice. The complaint also contained counts for ejectment, trespass, fraud on the court, unjust enrichment, and punitive damages.

U.S. Bank moved for summary judgment. First, it argued that res judicata barred the Saplans' quiet title and other claims. Citing E. Sav. Bank, FSB v. Esteban, U.S. Bank argued that the three requirements for claim preclusion were met: (1) the 2014 judgment for possession was final and appealable, (2) there was privity between the parties because, even if the Saplans were dismissed from the 2014 action, they were in privity with Latasha Ortiz, and (3) the plaintiffs could have claimed quiet title in the 2014 action. 129 Hawai'i 154, 159, 296 P.3d 1062, 1067 (2013). U.S. Bank also argued that the Saplans' claims were barred by mootness, laches, and estoppel.

---

[3] The Honorable Jeffrey P. Crabtree presided.

U.S. Bank further argued that the Saplans could not establish title to the property. Citing Maui Land & Pineapple Co. v. Infiesto, U.S. Bank argued that the Saplans needed to prove "either that [they] ha[ve] paper title to the property or that [they] hold[] title by adverse possession." 76 Hawai'i 402, 407-08, 879 P.2d 507, 512-13. U.S. Bank argued that the Saplans cannot establish adverse possession or paper title, attaching a corroborating declaration from its loan serving agent,[4] and the quitclaim deed obtained at the nonjudicial foreclosure. In response, the Saplans argued they were neither parties to the 2014 action nor in privity with the defendants. They also argued that because a claim to quiet title could have been raised in the 2011 suit, and that suit was dismissed on the merits, U.S. Bank was precluded from claiming quiet title in the 2014 suit and the Saplans have a superior claim to title.

The circuit court granted U.S. Bank's summary judgment motion based on the following facts: (1) the Saplans defaulted on their 2006 mortgage loan; (2) a nonjudicial foreclosure sale occurred in March 2011; (3) PNC Bank bought the property at the

---

[4] The declaration stated that the property was sold at public auction to U.S. Bank, that the Saplans then vacated the property, and that the subsequent action went forward only against Ricky Saplan and Latasha Ortiz. The declaration further states that the property was subsequently sold to Konrad Ricken, a third party, by warranty deed.

foreclosure sale and assigned it to U.S. Bank; (4) a quitclaim deed was recorded in the bureau of conveyances in July 2011; (5) U.S. Bank prevailed on an ejectment action in 2014; and (6) U.S. Bank sold the property to a third party and a warranty deed was filed in March 2015.[5]

The court rejected the Saplans' argument that the 2011 action determined ownership in the Saplans' favor. It held that the RCCH Rule 12(q) dismissal was not set aside, so it operated as a dismissal on the merits. But the court further reasoned that the 2011 action was an ejectment action, not a quiet title action, and noted that the Saplans' motion to dismiss was denied before the RCCH Rule 12(q) dismissal was entered. The court determined in a minute order that "[a]lthough ownership is an issue in an ejectment case, a procedural dismissal of plaintiff's ejectment claim does not automatically, permanently or affirmatively adjudicate that the defendant in the ejectment case actually owns the property." It also observed that the Saplans had not raised any of these issues in the 2014 action. The court entered summary judgment for U.S. Bank in October 2017.

---

[5] The circuit court found these facts were undisputed.

The ICA affirmed the circuit court's decision that the dismissal of the 2011 action was an adjudication on the merits. It agreed with the Saplans that RCCH Rule 12(q) governed. However, the ICA also held that "the Saplans failed to show that the parties in the 2014 [a]ction were the same as the parties in the 2011 [a]ction." After the Saplans were dismissed in the 2014 action, the writ of possession affected only Ricky Saplan and Latasha Ortiz, neither of whom were parties to the 2011 action. The ICA affirmed the grant of summary judgment on the Saplans' fraud on the court claim[6] and vacated the circuit court's grant of summary judgment as to the remaining claims. The ICA held that U.S. Bank failed to establish that the Saplans' 2015 claims (i.e. the instant quiet title and related claims) were precluded by the 2014 action, and that U.S. Bank failed to establish that there was no genuine issue of material fact.

Quoting Ralston v. Yim, the ICA concluded that, as the party moving for summary judgment, U.S. Bank "may satisfy [its] initial burden of production by either (1) presenting evidence negating an element of the [nonmovant's] claim, or (2) demonstrating that the nonmovant will be unable to carry his or

---

[6] The Saplans do not seek review of the fraud on the court claim and it is therefore not discussed further.

her burden of proof at trial." 129 Hawaiʻi 46, 60, 292 P.3d 1276, 1290 (2013). The ICA acknowledged U.S. Bank's quitclaim deed and the declaration from its mortgage officer attesting that the property was sold to a third party.

Quoting Kondaur, the ICA reasoned, however, that the quitclaim deed carries with it all the infirmities that the prior nonjudicial foreclosure might have occasioned upon the deed. 136 Hawaiʻi at 241, 361 P.3d at 465. It held that a self-dealing mortgagee was required "to introduce evidence that [it] exercised its right to [nonjudicial] foreclosure under a power of sale in a manner that was fair, reasonably diligent, and in good faith, and to demonstrate that an adequate price was procured for the Property." (Quoting Id. at 242, 361 P.3d at 469.) The ICA noted that the mortgage officer had not attested that the foreclosure sale was conducted in a diligent and reasonable manner, nor had she made a declaration as to the adequacy of the price. It held that as a result, "U.S. Bank failed to meet its burden at summary judgment to show there was no genuine issue as to title of the Property" and that as such, "the burden never shifted to the Saplans."

In its application for writ of certiorari, U.S. Bank raised two points of error. First, whether, in allocating the burdens on summary judgment, the ICA "improperly plac[ed] the

burden of proof on defendant facing quiet title to establish that it possessed title to the Property." Second, whether the ICA erred in ruling that an "administrative dismissal" of an action was an adjudication on the merits for purposes of claim preclusion.

In support of its first point, U.S. Bank cites Omerod v. Heirs of Kaheananui, arguing that the ICA improperly shifted the burden to U.S. Bank to prove title to the property. 116 Hawai'i 239, 172 P.3d 983 (2007). In Omerod, this court held that the defendant did not need to prove title to the property at issue because the defendant was not seeking a judgment quieting title; rather, the defendant could meet its burden by "pointing out that the record lack[ed] substantial evidence to support" the nonmovant's (i.e., the party seeking to quiet title) claims. Id. at 252, 172 P.3d at 996. The court rejected an argument that the defendant needed to make a showing of title to prevail on summary judgment, holding that because the plaintiffs sought quiet title, they would bear the burden of proof at trial. Id. at 255, 172 P.3d at 999. As the moving party, therefore, defendants were not required to prove that they held title themselves, but instead to prove that plaintiffs "could not possibly prevail on the underlying claim." Id. at 267, 172 P.3d at 1011. Accordingly, U.S. Bank argued that the

11

ICA disregarded the quitclaim deed and the undisputed factual record establishing default, foreclosure, and sale of the property. In other words, U.S. Bank argued, the Saplans would need to prove title at trial — and U.S. Bank has shown they will not be able to.

U.S. Bank then argues that the circuit court and ICA's conclusion that the 2011 action was adjudicated on the merits was erroneous. First, U.S. Bank argues that in deciding whether a final judgment is on the merits for the purposes of claim preclusion, courts have considered whether the judgment was entered after the parties had the full opportunity to present their claims. See Dorrance v. Lee, 90 Hawaiʻi 143, 150, 976 P.2d 904, 911 (1999). Since the 2011 ejectment action was dismissed for lack of a pretrial conference, there was no opportunity to present claims. Furthermore, U.S. Bank argues that there needs to be a separate final judgment before a matter is considered "adjudicated." U.S. Bank claims that "whether an administrative dismissal under RCCH Rule 12(q), without a separate judgment, constitutes an adjudication on the merits" is a question of first impression. U.S. Bank warns that following the ICA's ruling will produce "draconian results" in future cases by foreclosing review on the merits if a case is dismissed for procedural non-compliance.

The Saplans disagree. They argue that the ICA correctly applied precedent in requiring U.S. Bank to establish that the nonjudicial foreclosure sale was conducted in a manner that was "fair, reasonably diligent, and in good faith and that an adequate price was procured for the property." Kondaur, 136 Hawai'i at 229, 361 P.3d at 456. Second, they argue that because U.S. Bank did not seek a final judgment or object to the dismissal of the 2011 action, the ICA was correct in holding that the 2011 action was a dismissal with prejudice. The Saplans agree with U.S. Bank that a final judgment, including a dismissal, must be set forth on a separate document, but argue that because U.S. Bank did not object to the dismissal or seek a separate judgment after dismissal, the dismissal was therefore with prejudice under Hawai'i Rules of Civil Procedure (HRCP) Rule 41(b)(3)(2012)[7] and RCCH Rule 12(q).

### III. STANDARD OF REVIEW

We review a circuit court's grant or denial of summary judgment de novo. Querubin v. Thronas, 107 Hawai'i 48, 56, 109

---

[7] HRCP Rule 41(b)(3) reads as follows:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

13

P.3d 689, 697 (2005).  We may affirm summary judgments on any grounds in the record, including those upon which the circuit court did not rely.  Reyes v. Kuboyama, 76 Hawai'i 137, 140, 870 P.2d 1281, 1284 (1994).

## IV.  DISCUSSION

This appeal presents two questions: (1) whether the burden of proving title is on U.S. Bank or the Saplans at summary judgment, and (2) whether the 2011 dismissal was an adjudication on the merits for purposes of claim preclusion.  We hold (1) the burden of proving title is on the Saplans in this quiet title action, and (2) the 2011 dismissal was not an adjudication on the merits.  We accordingly vacate the ICA's judgment and affirm the circuit court's judgment.

## A.  The ICA Erred in Holding That U.S. Bank Had Not Met Its Burden on Summary Judgment

On summary judgment,

the moving party has the initial burden of identifying those portions of the record demonstrating the absence of a genuine issue of material fact.  The moving party may discharge his or her burden by demonstrating that, if the case went to trial, there would be no competent evidence to support a judgment for his or her opponent.

Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai'i 277, 301, 172 P.3d 1021, 1045 (2007) (brackets and emphasis omitted) (quoting Young v. Plan. Comm'n of the Cnty. of Kaua'i, 89 Hawai'i 400, 407, 974 P.2d 40, 47 (1999)).

14

When the party seeking summary judgment is the defendant, who will not ultimately bear the burden of proof at trial, "summary judgment is proper when the non-moving party-plaintiff fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 302, 172 P.3d at 1046 (emphases omitted). "Only when the moving party satisfies its initial burden of production does the burden shift to the nonmoving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Ralston, 129 Hawai'i at 56–57, 292 P.3d at 1286–87.

U.S. Bank is the defendant in the Saplans' 2015 quiet title action. As the defendant, U.S. Bank does not have the burden of proof on the title issue, as the ICA concluded. U.S. Bank's burden on summary judgment was to show that there was no way that the Saplans could show that they had title to the property. Id. at 60, 292 P.3d at 1290 (moving party "may satisfy [its] initial burden of production by either (1) presenting evidence negating an element of the [nonmovant's] claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial."). While showing that there is no genuine issue to title of the property would

conclusively establish that the Saplans could not prevail at trial, this is a higher burden than our precedent requires for summary judgment in this context.

The standard of proof for a quiet title action, which the Saplans would have to meet to prevail at trial, is as follows:

> In an action to quiet title, the burden is on the plaintiff to prove title in and to the land in dispute, and, absent such proof, it is unnecessary for the defendant to make any showing. The plaintiff has the burden to prove either that he has paper title to the property or that he holds title by adverse possession. While it is not necessary for the plaintiff to have perfect title to establish a prima facie case, he must at least prove that he has a substantial interest in the property and that his title is superior to that of the defendants.

Maui Land & Pineapple Co., 76 Hawai'i at 407-08, 879 P.2d at 512-13 (citations omitted).

Thus, in a quiet title action, the burden is on the claimant to show a superior interest in the property to the defendant's – through paper title or adverse possession. Id. In order to prevail on summary judgment, therefore, U.S. Bank had to show that there was no way the Saplans could prove they had paper title to the land or had adversely possessed the land. See Omerod, 116 Hawai'i at 267-68, 172 P.3d at 1011-12 (because evidentiary standard required of moving party depends on who has burden of proof at trial, defendant moving for summary judgment in a quiet title action need not make prima facie showing of title).

16

The Saplans did not claim adverse possession. They claimed that they were forcibly removed from their property, and argued at the hearing that the letter Rosalinda Saplan wrote to PNC Bank in 2009 stating that she had left the property was inadmissible because it lacked foundation, and that the letter only applied to Rosalinda Saplan, not Recto Saplan. But the Saplans never claimed that they still occupied the property. At the summary judgment hearing, counsel for the Saplans did not respond to the court's question as to whether the Saplans were occupying the property in 2014. The Saplans therefore cannot prove adverse possession at trial.

The Saplans claimed they had title to the land, but the only support they presented for their claim was a legal argument: that the HRCP Rule 41(b)(3) dismissal of the 2011 action had adjudicated title in their favor. Both parties make preclusion arguments against the other. Claim preclusion does not apply. See infra Section IV.B. Nor does issue preclusion apply because the issue of title was not "actually litigated" in the previous case. The Saplans did not present any evidence that the court had actually considered the issue of title and decided it in their favor in 2011, which our doctrine requires. See Dorrance, 90 Hawaiʻi at 148, 976 P.2d at 909 (collateral estoppel doctrine bars relitigation of an issue that was

"actually litigated and finally decided") (emphasis added). Absent any showing by the Saplans that title was actually litigated in the 2011 action, the dismissal did not quiet title in favor of the Saplans.

The Saplans did not make any other claim to title. They did not challenge U.S. Bank's foreclosure sale or the sale to a third party. They argued that U.S. Bank had not provided evidence that the property had been purchased by a bona fide third-party purchaser. But it was the Saplans' action, and therefore, it was the Saplans' burden to put forward evidence of irregularity in the sale or inadequacy of the price in order to support their claim.

U.S. Bank provided uncontested evidence that the Saplans were in default on their 2006 mortgage loan; that a nonjudicial foreclosure sale occurred; that PNC Bank bought the property at the foreclosure sale and assigned it to U.S. Bank; that a quitclaim deed was recorded in the bureau of conveyances; that U.S. Bank prevailed on an ejectment action in 2014; and that U.S. Bank sold the property to a third party and a warranty deed was filed in March 2015. While U.S. Bank has not demonstrated that its nonjudicial foreclosure sale met the requirements of Kondaur, such a showing is not required. Kondaur applies only to a plaintiff or mortgagee seeking

ejectment — not a defendant in a quiet title action.  See 136

Hawai'i at 243, 361 P.3d at 470.

U.S. Bank met its summary judgment burden by

presenting some evidence in support of its claim of title and

sale, and by pointing out that the Saplans presented no evidence

in support of their own claim to title.  Therefore, the burden

should have then shifted to the Saplans to show a disputed issue

of material fact or that they were entitled to judgment as a

matter of law.  The circuit court considered the Saplans'

opposition to U.S. Bank's motion for summary judgment and

correctly determined that the Saplans were unable to raise a

genuine issue of fact.

**B.     The 2011 Ejectment Action Was Not an Adjudication on the Merits for Purposes of Claim Preclusion Because There Was No Separate Final Judgment**

Claim preclusion prevents parties from relitigating

issues that have already been or could have been resolved in a

prior lawsuit.  We enforce claim preclusion to protect the

finality of judgments, conserve judicial resources, and shield

parties from the burden and expense of multiple lawsuits over

the same matter.  The party asserting it must prove three

elements: "1) there was a final judgment on the merits, 2) both

parties are the same or are in privity with the same parties in

the original suit, and 3) the claim decided in the original suit

19

is identical with the one presented in the action in question."
Priceline.com, Inc. v. Dir. of Tax'n, 144 Hawai'i 72, 82, 436
P.3d 1155, 1165 (2019) (citing Esteban, 129 Hawai'i at 159, 296
P.3d at 1067).

Former RCCH Rule 12(q) read:

> Dismissal for want of prosecution. An action may be dismissed sua sponte with written notice to the parties if a pretrial statement has not been filed within 8 months after a complaint has been filed (or within any further period of extension granted by the court) or if a trial setting status conference has not been scheduled as required by Rule 12(c). Such dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of the order of dismissal.

The ICA affirmed the circuit court's decision that the dismissal of the 2011 action was an adjudication on the merits, agreeing that RCCH Rule 12(q) controlled. The ICA relied on its decision in Ryan v. Palmer, 130 Hawai'i 321, 310 P.3d 1022 (App. 2013). There, the circuit court dismissed the case pursuant to former RCCH Rule 12(q) based on plaintiff's failure to file a pretrial statement, and the plaintiff appealed. Id. at 322, 310 P.3d at 1023. The ICA noted that the dismissal was an adjudication on the merits pursuant to HRCP Rule 41(b)(3) and thus "with prejudice." But in Ryan, the circuit court entered a final judgment. Here, there was no final judgment.[8]

_____

[8] We also note that under Hawai'i law, there would be no final judgment for claim preclusion purposes unless the time for filing appeals has

(continued. . .)

HRCP Rule 58 (2010) requires that "[t]he filing of [a final] judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry."  In Jenkins v. Cades Schutte Fleming & Wright, we held that the court would enforce strict compliance with the requirements of HRCP Rule 58.  76 Hawaiʻi 115, 119-20, 869 P.2d 1334, 1338-39 (1994).  "[A]n order that purports to be a final order as to all claims and parties in civil cases may be taken only after the order has been reduced to a judgment in favor of or against the parties."  Id. at 119, 869 P.2d at 1338.  Without a final judgment, therefore, the ICA and circuit court both erred to the extent they suggested that the dismissal of the 2011 action was "on the merits" for the purpose of claim preclusion.  Because there was no separate final judgment filed, this matter was not finally adjudicated on the merits.  Cf. Dorrance, 90 Hawaiʻi at 150, 976 P.2d at 911 (holding that, for purposes of collateral estoppel, final judgment was "on the merits" where the party "had the opportunity to fully defend herself").  We therefore conclude that the dismissal of the 2011

---

(continued . . .)
passed or appeals have been exhausted.  See Esteban, 129 Hawaiʻi at 160, 296 P.3d at 1068 ("[U]nder Hawaiʻi law, there was a final judgment on the merits when the time to appeal the . . . [j]udgment expired." (citing James W. Glover, Ltd. v. Fong, 42 Haw. 560, 574 (1958)); contra Restatement (Second) of Judgments § 13 cmt. f (Am. L. Inst. 1982).

ejectment action for want of prosecution was not an adjudication on the merits for the purposes of claim preclusion. We nevertheless affirm the circuit court's judgment because, despite its implication that claim preclusion would have applied if the claims had been the same, this court "may affirm a grant of summary judgment on any ground appearing in the record, even if the circuit court did not rely on it." Reyes, 76 Hawaiʻi at 140, 870 P.2d at 1284.

We note, however, that had the circuit court issued a final judgment in the 2011 ejectment against U.S. Bank, HRCP 41(b)(3) would require us to construe the dismissal as an adjudication on the merits. Neither party has argued that 41(b)(3) would not apply, but U.S. Bank argues that involuntary dismissal with prejudice is appropriate only in "extreme circumstances" and that the Erum factors should have been considered. See Erum v. Llego, 147 Hawaiʻi 368, 390, 465 P.3d 815, 837 (2020) ("[W]henever a case is involuntarily dismissed with prejudice, the trial court must state essential findings on the record or make written findings as to deliberate delay or contumacious conduct and actual prejudice and explain why a lesser sanction than dismissal with prejudice is insufficient to serve the interests of justice."). However, the Erum situation is distinguishable. There, we were addressing the principles

22

that should inform a court's discretionary decision to dismiss a case as a sanction for "deliberate delay or contumacious conduct causing actual prejudice that cannot be addressed through lesser sanctions."  Id. at 390 n.40, 465 P.3d at 837.  Here, there is a rule which requires dismissal as a matter of course.

HRCP Rule 41(b)(3), unfortunately, puts trial courts in a bind, forcing dismissals to be construed as adjudications on the merits.  This outcome may not be just in all circumstances.  Had the trial court issued a final judgment here, it would have effectively allowed the Saplans to stay in the house indefinitely despite having defaulted on the mortgage.  And it is not hard to imagine other cases in which plaintiffs, perhaps through no fault of their own, have their cases dismissed for want of prosecution — which would be construed as adjudications on the merits under HRCP Rule 41(b)(3).  We therefore recommend that the Committee on Rules of Civil Procedure and Circuit Court Civil Rules review Rule 41(b)(3) in light of these concerns.  There are many potential sanctions for failing to prosecute a case that are less severe than dismissing it and construing it to have been adjudicated on the merits, but that nevertheless promote the purposes of the rule, such as dismissal without prejudice.

## V. CONCLUSION

To summarize, the ICA was incorrect in concluding that the burden of proof was on U.S. Bank. The burden is on the Saplans. And, both the ICA and the circuit court incorrectly determined that the 2011 ejectment action was adjudicated on the merits for the purposes of claim preclusion. A final judgment was required.

We therefore vacate the ICA's June 6, 2023 Judgment on Appeal, and affirm the circuit court's October 23, 2017 Judgment.

| | |
|---|---|
| Jade Lynne Ching<br>Michelle N. Comeau<br>(Ryan B. Kasten on the briefs)<br>for petitioner/defendant-<br>appellee | /s/ Mark E. Recktenwald<br><br>/s/ Sabrina S. McKenna<br><br>/s/ Todd W. Eddins |
| Keith M. Kiuchi<br>(Frederick J. Arensmeyer<br>on the briefs)<br>for respondents/plaintiffs-<br>appellants | /s/ Fa'auuga L. To'oto'o<br><br>/s/ James H. Ashford |

