**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000123
10-OCT-2024
08:08 AM
Dkt. 108 SO**

NO. CAAP-21-0000123


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WILLIAM H. GILLIAM, Plaintiff-Appellant,
v.
SUSAN GAIL GALVIN as Personal Representative of
Michael J. Galvin, Deceased, JOAN CHERICE KRUSSEL,
now known as JOAN CHERICE COTE, and MATT COTE also known as
MATHEW A. COTE, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CCV-20-0000024)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)


This appeal challenges whether summary judgment was properly granted under the res judicata doctrine.

Self-represented Plaintiff-Appellant William H. Gilliam (**Gilliam**) appeals from the February 8, 2021 "Order Granting Defendants Joan Cherice Krussel and Mathew A. Cote's Motion for Summary Judgment and Motion for Rule 11 Sanctions Against [Gilliam]" (**Order Granting MSJ and Sanctions**); April 30,

2021 "Order Granting to Defendants Joan Cherice Krussel and Mathew A. Cote Award of Rule 11 Sanctions and Fees Against [Gilliam]" (**Order Awarding Sanctions**); and (3) May 26, 2021 Judgment, all filed and entered by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we vacate and remand.

On appeal, Gilliam appears to contend[2] that the Circuit Court erred by **(1)** granting summary judgment by applying res judicata; **(2)** awarding Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 11 sanctions; **(3)** denying his request for a continuance to conclude discovery under HRCP Rule 56(f); and **(4)** denying his motion to amend the complaint.  We conclude Gilliam's first contention regarding res judicata has merit and is dispositive.

On February 13, 2020, Gilliam filed a Complaint against Defendants-Appellees Susan Gail Galvin as Personal Representative of Michael J. Galvin (**Galvin**), Joan Cherice Krussel now known as Joan Cherice Cote (**Joan**), and Matt Cote also known as Mathew A. Cote (**Matt**) (Joan and Matt collectively referred to as **the Cotes**), alleging various claims related to the March 2015 posting of a defamatory and slanderous review

---

[1]     The Honorable Randal G.B. Valenciano presided.

[2]     Gilliam raises eleven points of error (**POEs**) that are difficult to discern and do not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).  Despite Gilliam's noncompliance with HRAP Rule 28, we endeavor to "afford [] litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up).  To promote access to justice, we interpret pleadings prepared by self-represented litigants liberally and attempt to afford them appellate review even though they fail to comply with court rules.  See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  Accordingly, Gilliam's eleven POEs are consolidated and restated to the extent they are discernible.

regarding Gilliam's condominium, which was posted on Airbnb, a website that allows persons to rent out their homes on a short-term basis.

On December 1, 2020, the Cotes filed a Motion for Summary Judgment (**MSJ**), arguing that Gilliam's claims were barred under res judicata because the "claims were previously dismissed with prejudice in 2015" by the District Court of the Fifth Circuit, Small Claims Division, State of Hawaiʻi (**District Court**) in Civil No. 5SC151000192 (**Small Claims Case**).  The MSJ attached the following documents from the Small Claims Case: Gilliam's "Statement of Claim and Notice" against Joan for "[f]raud" and "deceit" in "May, 2015"; Joan's motion to dismiss; and a December 21, 2015 "Order Granting [Joan]'s Motion to Dismiss" with prejudice, which noted Gilliam's failure to file any reply or opposition and to appear at the hearing on the motion to dismiss.

The Cotes also filed a "Motion for Rule 11 Sanctions Against [Gilliam]" (**Motion for Sanctions**), arguing that Gilliam's Complaint violated HRCP Rule 11(b)(1) and (2); that Gilliam's claims were precluded by res judicata; and that sanctions of attorney's fees were warranted.

Gilliam opposed the MSJ and Motion for Sanctions, arguing, inter alia, that res judicata did not apply; the Small Claims Case only named Joan as a defendant, not Matt; and requested "sufficient time to conclude discovery" under HRCP Rule 56(f).

On January 14, 2021, the Circuit Court conducted a hearing on the MSJ and Motion for Sanctions, and granted both.[3]

_____

[3]     There is no transcript of the January 14, 2021 hearing.  On March 11, 2021, Gilliam filed a "Statement [sic] No Transcript," in which he stated

3

On February 8, 2021, the Circuit Court filed the Order Granting MSJ and Sanctions, which stated that:  all of Gilliam's claims in the present action were precluded by res judicata in light of the Small Claims Case; Gilliam failed to demonstrate that discovery would enable him to rebut the Cotes' showing of the absence of a material fact; because Gilliam refused to withdraw his claims after the Cotes brought the res judicata preclusion to his attention under HRCP Rule 11(c), the Cotes were entitled to an award of "their reasonable attorneys' fees and other expenses incurred as a direct result of [Gilliam]'s violation of Rule 11"; and the Cotes "shall submit" a declaration regarding their reasonable attorneys' fees and expenses, upon which the court would determine the amount to award.

On March 11, 2021, Gilliam filed a Notice of Appeal (**Notice**) from the February 8, 2021 Order Granting MSJ and Sanctions.

On April 30, 2021, the Circuit Court issued the Order Awarding Sanctions, awarding the Cotes $29,198.48 of attorneys' fees as Rule 11 sanctions.

On May 26, 2021, the Circuit Court entered an HRCP Rule 54(b)-certified Judgment in favor of the Cotes and against Gilliam on the claims against the Cotes in the Complaint.[4]

On June 25, 2021, Gilliam filed an Amended Notice of Appeal (**Amended Notice**) from the February 8, 2021 Order Granting

_____

that "in the absence of any evidentiary hearing, [he] deems no transcript necessary or available herein."

[4]    Gilliam's claims against defendant Galvin were resolved by orders granting Galvin's 2023 motions for summary judgment, which are the subject of a separate appeal, CAAP-24-000033.  We denied Gilliam's October 1, 2024 motions to consolidate both appeals for the reasons set forth in our October 8, 2024 order.

MSJ and Sanctions; April 30, 2021 Order Awarding Sanctions; and the May 26, 2021 Judgment.

### Jurisdiction

The Cotes argue that this court lacks appellate jurisdiction because the initial Notice appealed from the February 8, 2021 Order Granting MSJ and Sanctions, which is a "non-appealable interlocutory order." The Cotes claim that Gilliam's Notice is not "considered as filed immediately after" the May 26, 2021 Judgment under HRAP Rule 4(a)(2), because the Order Granting MSJ and Sanctions "is not an 'announcement'" of the Order Awarding Sanctions and Judgment. The Cotes argue that while Gilliam filed the June 25, 2021 Amended Notice after the April 30, 2021 Order Awarding Sanctions and May 26, 2021 Judgment, the Amended Notice "relates back to the filing date of the original [N]otice."

HRAP Rule 4(a)(2), entitled "Premature Filing of Appeal," states: "If a notice of appeal is <u>filed after announcement of a decision but before entry of the judgment</u> or order, <u>such notice shall be considered as filed immediately after the time the judgment</u> or order <u>becomes final</u> for the purpose of appeal." (Emphases added.)

Here, the Circuit Court announced its decision to grant the Cotes' MSJ and Motion for Sanctions in its February 8, 2021 Order Granting MSJ and Sanctions. On May 26, 2021, the Circuit Court entered Judgment "[p]ursuant to" the February 8, 2021 Order Granting MSJ and Sanctions. The Judgment contained the necessary language for certification under HRCP Rule 54(b). Thus, although Gilliam prematurely filed the March 11, 2021 Notice "after [the] announcement" of the Circuit Court's decision to grant the MSJ and Motion for Sanctions, the Notice is "considered as filed immediately after" the May 26, 2021

Judgment, and we have jurisdiction over this appeal, including the April 30, 2021 Order Awarding Sanctions.  See HRAP Rule 4(a)(2); Ueoka v. Szymanski, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) ("An appeal from a final judgment 'brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case.'" (citation omitted)).

**(1)** While Gilliam's arguments are difficult to discern, Gilliam appears to argue, inter alia, that the Small Claims Case was "not of competent jurisdiction [sic] for application of *res judicata*"; Matt was "not a party" to the Small Claims Case; Gilliam "could not appeal" from the Small Claims Case; and the Small Claims Case has "no preclusive effect."  The Cotes argue that the elements of res judicata were met.

"We review a circuit court's grant or denial of summary judgment de novo under the same standard applied by the circuit court."  Makila Land Co., LLC v. Kapu, 152 Hawaiʻi 112, 119-20, 522 P.3d 259, 266-67 (2022) (citation omitted). "Application of res judicata is a question of law.  Questions of law are reviewed de novo under the right/wrong standard." PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 327, 474 P.3d 264, 268 (2020) (citation omitted).

"Res judicata, or claim preclusion," is a doctrine that "limit[s] a litigant to one opportunity to litigate aspects of the case to prevent inconsistent results and multiplicity of suits and to promote finality and judicial economy."  Bremer v. Weeks, 104 Hawaiʻi 43, 53, 85 P.3d 150, 160 (2004) (citation omitted).  Res judicata "prohibits a party from relitigating a previously adjudicated cause of action" and also precludes the relitigation "of all grounds of claim and defense

6

which might have been properly litigated in the first action but were not litigated or decided."  Id. at 53, 85 P.3d at 160 (cleaned up).  The party asserting res judicata has the burden of establishing the following:  "(1) there was a final judgment on the merits [(**Element No.1**)], (2) both parties are the same or in privity with the parties in the original suit [(**Element No.2**)], and (3) the claim decided in the original suit is identical with the one presented in the action in question [(**Element No.3**)]."  Id. at 54, 85 P.3d at 161.

As to Element No.1, the Hawaiʻi Supreme Court recently held that res judicata is inapplicable where there is a dismissal order with prejudice, but no final judgment entered. See Saplan v. U.S. Bank Nat'l Ass'n as Tr. for BAFC 2007-A, 154 Hawaiʻi 181, 188-90, 549 P.3d 266, 273-75 (2024) ("Because there was no separate final judgment filed, th[e] matter was not finally adjudicated on the merits." (citation omitted)).  The supreme court concluded that, "[w]ithout a final judgment, . . . [this court] and [the] circuit court both erred to the extent they suggested that the dismissal of the 2011 action was 'on the merits' for the purpose of claim preclusion."  Id. at 189, 549 P.3d at 274 (emphasis added).

Here, the Cotes assert that "the dismissal with prejudice of the Small Claims Case was a final judgment on the merits."[5]  The MSJ attached a dismissal order with prejudice, but no final judgment.  Hawaiʻi District Court Rules of Civil

---

[5]    In their MSJ below and on appeal, the Cotes rely on Land v. Highway Const. Co., Ltd., 64 Haw. 545, 551, 645 P.2d 295, 299 (1982), to argue that "a dismissal with prejudice 'is an adjudication on the merits.'" In Land, however, after the dismissal order was filed, there was a final judgment entered on the merits.  Id. at 551, 645 P.2d at 299 ("After final judgment was entered, we believe that this order became an adjudication on the merits of the cross-claims.").

7

Procedure Rule 58, entitled "Entry of Judgment," provides in pertinent part:  "The filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry."  (Emphasis added.) Thus, the Circuit Court erred by granting summary judgment in favor of the Cotes based on res judicata, where there was no "final judgment on the merits" in the Small Claims Case, and Element No.1 was not met.  See Saplan, 154 Hawaiʻi at 188-89, 549 P.3d at 273-74; Makila Land Co., LLC, 152 Hawaiʻi at 119-20, 522 P.3d at 266-67; PennyMac Corp., 148 Hawaiʻi at 327, 474 P.3d at 268.  In light of our disposition, we do not address the remaining res judicata elements.

**(2)** Because summary judgment was erroneously granted, the Circuit Court acted outside the scope of its discretion in granting HRCP Rule 11 sanctions.  See Gap v. Puna Geothermal Venture, 106 Hawaiʻi 325, 331, 104 P.3d 912, 918 (2004) ("All aspects of a HRCP Rule 11 determination should be reviewed under the abuse of discretion standard." (citation omitted)).

In light of our disposition, we need not address Gilliam's remaining contentions.[6]

For the foregoing reasons, we vacate the (1) February 8, 2021 "Order Granting Defendants Joan Cherice Krussel and Mathew A. Cote's Motion for Summary Judgment and Motion for Rule 11 Sanctions Against Plaintiff William H. Gilliam"; (2) April 30, 2021 "Order Granting to Defendants Joan Cherice Krussel and Mathew A. Cote Award of Rule 11 Sanctions and Fees Against Plaintiff William H. Gilliam"; and (3) May 26, 2021

---

[6]     Gilliam's "Notice of Oral Argument" in his Opening Brief, stating that he "seeks to be heard in oral argument[,]" is denied.  See "Order of No Oral Argument" filed on October 1, 2024.

Judgment, all filed and entered by the Circuit Court of the Fifth Circuit.  We remand for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, October 10, 2024.

On the briefs:

William H. Gilliam,
Self-represented
Plaintiff-Appellant.

Nathaniel Dang,
for Defendants-Appellees

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge